## MATTHEWS v. BLAKE. ·

DEEDS—EXECUTION BY PUBLIC OFFICERS—TAX DEEDS—EXECUTION—
VALIDITY—LIMITATION OF ACTIONS—POSSESSION UNDER VOID DEED.

1. Where the statute requires the deed of a public officer to be executed in a particular manner and to be witnessed or acknowledged before a particular officer, the witnessing or acknowledging in that manner is a part of the execution of the deed, and unless so witnessed or acknowledged it is void on its face.

2. A tax deed not acknowledged before the clerk of the district court as required by statute is void on its face, and is therefore not admissible as evidence to prove title or right of possession in the grantee, or that the land had been sold for non-payment of taxes.

3. Possession under a tax deed, void on its face, does not set in motion the special statute of limitations as to the recovery of property sold for taxes contained in Section 1861, Revised Statutes 1899.

[Decided November 2, 1907.]          (92 Pac., 242.)

ERROR to the District Court, Crook County, HON. CARROLL H. PARMELEE, Judge.

*Van Cise & Grant* and *Metz & Sackett,* for plaintiff in error.

To give a tax deed any semblance of validity in states having no statute of presumption, every successive step in the tax proceedings must be pleaded and proven. (Black Tax Titles, 155, 443, 446; Norris v. Hall (Mich.), 82 N. W., 832; Hecht v. Boughton, 2 Wyo., 385; Wolcott v. Holland, 27 O. C. C., 71; 2 Cooley Taxation, 916, 1004.) Assessment is the jurisdictional pre-requisite to taxation. The property must be correctly described to validate a tax sale. (Black Tax Titles, 112; Matthews v. Nefsy, 13 Wyo., 458; Van Cise v. Carter, 9 S. D., 234; Moon v. S. L. Co. (Utah), 76 Pac., 222; Kruse v. Fairchild (Kan.), 85 Pac., 303; Alleman v. Hammond (Ill.), 70 N. E., 661; O'Day v. McDonnell (Mo.), 80 S. W., 895; Brown v.

Reeves (Ind.), 68 N. E., 604; City v. Farrar, 89 N. Y. S., 1035; Smith v. Brothers (Miss.), 38 So., 353; Paine v. Trust Co., 136 Fed., 527; N. P. Ry. Co. v. Kurtzman, 82 Fed., 243; Stout v. Mastin, 139 U. S., 151; Bird v. Benlisa, 142 U. S., 664; 1 Cooley on Taxation (3d Ed.), 597.) Assessment in the wrong name is invalid and a sale passes no title. (Hecht v. Boughton, 2 Wyo., 285; Ferguson v. Kaboth (Ore.), 73 Pac., 200; Brown v. Hartford (Mo.), 73 S. W., 140; Jungk v. Snyder (Utah), 78 Pac., 168; Bird v. Benlisa, 142 U. S., 664; Rich v. Braxton, 158 U. S., 375; Marx v. Hanthorn, 148 U. S., 172; Black on Tax Titles, Sec. 105; 1 Cooley on Taxation (3d Ed.), 729.) Levy is a jurisdictional fact to be pleaded and proven. (R. S. 1887, Sec. 3822; Black Tax Titles, 205, 213; 2 Cooley The so-called description in the tax list amounts to none at all, being all abbreviated, and without anything to indicate what denomination is intended by the figures denoting valuation, whether dollars or cents. (Moran v. Thomas (S. D.), 104 N. W., 212; Turner v. Hand Co., 11 S. D., 346; Power v. Larrabee, 2 N. D., 141; Power v. Bowdle, 3 N. D., 107; Keith v. Hayden, 26 Minn., 212; Kern v. Clarke, 60 N. W., 809; Black on Tax Titles, Sec. 114.) A warrant for collection is imperative. (R. S. 1887, Secs. 3807-8; 1 Cooley Tax'n., 793) There should have been evidence of the filing of a delinquent list. (Noble v. Amoretti, 11 Wyo., 230.) Publication of notice of sale is jurisdictional. (R. S. 1887, Sec. 3822; Black Tax Titles, 205, 213; Cooley Tax'n., 928.) So a posting of notice of sale on the court house door. (Black Tax Titles, Sec. 213; 2 Cooley Tax'n., 928; Shepherd v. Kahle (Wis.), 97 N. W., 506.) A tax sale without notice, or on a defective notice, is void as made without jurisdiction. (Williams v. Chaplin (La.); 36 So., 859; Fennimore v. Bootner (La.), 36 So., 860; Lambert v. Shamway (Colo.), 85 Pac., 89; McKinnon v. Nixon (Ala.), 29 So., 690; Martin v. Barbour, 34 Fed., 701; 2 Cooley Tax'n., 929-30.)

The tax deed was void on its face: (a) The attempted description by meaningless abbreviations. (b) A sale of

non-contiguous tracts *en masse* would render such a sale
void, and any deed pursuant thereto void. (Black Tax
Titles, Secs. 260, 401; Cornelius v. Ferguson, 16 S. D.,
113; Smith v. Williams, &c., Co. (Mo.), 73 S. W., 315;
Manker v. Peck (Kan.), 81 Pac., 171.)   (c) A sale for
more than the taxes due.   (Black Tax Titles, Secs. 230,
232; Baker v. Kaiser, 126 Fed., 317; Pinkerton v. Land
Co. (Wis.), 95 N. W., 1089; Green v. McGraw (Ind.), 72
N. E., 1049; Younglove v. Hackman, 43 O. St., 69; Wills
v. Austin, 53 Cal., 152; Riverside Co. v. Howell, 113 Ill.,
256; Gage v. Pumpelly, 115 U. S. 454.)   (d) Acknow-
ledgment before a notary public instead of the clerk of the
district court was a plain violation of law, and rendered the
instrument void.   (R. S. 1887, Sec. 3832; Grattan v. Land
Co. (Mo.), 87 S. W., 37; Green v. McGraw (Ind.), 72 N.
E., 1049; State v. Harman (W. Va.), 50 S. E., 828; Left-
wich v. Richmond (Va.), 40 S. E., 651; Essex v. Meyers,
62 N. E., 96; Salmer v. Lathrop, 10 S. D., 216, 225-6;
Gue v. Jones, 25 Neb., 634; Reed v. Merriam, 15 Neb.,
323; Black Tax Titles, Sec. 393; 27 Ency. L. (2d Ed.),
964)

The special statute of limitations (R. S. 1899, Sec. 1861)
runs only upon a sale regularly made under the forms of
law, and from the time of the deed, rather than the previous
sale.   But, whether running from the deed or sale is imma-
terial, since the deed being void on its face the statute was
not set in motion.   (Black Tax Titles, Sec 497-8;   127
Ency. L. (2d Ed.), 988; Dickinson v. Imp. Co., 92 S. W.,
21; Martin v. Barbour, 140 U. S., 634; Gomer v. Chaffee,
6 Colo., 314; Brinker v. Ry. Co., 11 Colo. App., 166; Bird
v. Benlisa, 142 U. S., 664; Krans v. Montgomery, 114 Ind.,
103; Gibson v. Kueffer (Kan.), 77 Pac., 282; Marshall
v. McDaniel, 75 Ky., 378; Welsch v. Augusti, 52 La. Ann.,
1949; Pennington v. Jones, id., 2025; Scott v. Perry, 32
So., 188; George v. Cole, 33 So., 784; Mellandon v. Gal-
lagher, 29 So., 307; Housen v. Manberret, 28 So., 167;
Rohlman v. Glandi, 27 So., 116; Leseigneur v. Bessan, 26

So., 865, 872; Williams v. Oleson, 141 Mich., 580; Pearce v. Perkins, 70 Miss., 276; Zingerling v. Henderson, 18 So., 432; Smith v. Cooperage Co., 73 S. W., 315; Zink v. McManus, 121 N. Y., 259; Roberts v. Bank, 8 N. D., 264; Sweigle v. Gates, 84 N. W., 481; Lee v. Crawford, 88 N. W., 97; Lewis v. Blackburn, 69 Pac., 1024; Turner v. Hand Co., 11 S. D., 348; Stokes v. Allen, 15 S. D., 421; Salmer v. Lathrop, 10 S. D., 216; Horswill v. Farnham, 16 S. D., 414; Moran v. Thomas, 104 N. W., 212; Jackson v. Bailey, 104 N. W., 268.)

_M. Nichols,_ for defendant in error.

The special six-year statute of limitations (R. S. 1899, Sec. 1861) runs from date of sale. (Mitchell v. Etter, 22 Ark., 178; Gomer v. Chaffee, 6 Colo., 314; McDongall v. Monlezum, 39 La. Ann., 1005; 27 Ency. L., 986.) It was not necessary that defendant show perfect title in himself, but that he was in possession under a tax sale (Russell v. Lang, 23 So. (La.), 113; Michel v. Stream, 19 So., 2; Kaiser v. Harris, 63 Miss., 590; McLaren v. Moore, 60 Miss., 376; Mayer v. Peebles, 58 Miss., 628; Cogburn v. Hunt, 57 Miss., 861.) Defects in the assessment are immaterial after the running of the statute. (Pratt v. Milwaukee (Wis.), 68 N. W., 392; Knox v. Cleveland, 13 Wis., 245; Oconto Co. v. Jerrard (Wis.), 50 N. W., 591.) Before the plaintiff under any circumstances could oust the defendant he must pay all taxes that have been assessed against the land, or offer to do so. (Black v. Johnson, 64 Pac., 988 (Kan.); Ward v. Huggins, 48 Pac., 240.)

Plaintiff cannot in any event recover rent when he has paid no taxes. One in possession of land under a tax deed need not account for rent until the taxes are paid or tendered. (Ritchie v. Will, 58 Pac., 118 (Kan.); Uhl v. Small, 39 Pac., 178 (Kan.); Lewis v. Knowlton, 86 N. W., 875; 85 N. W., 848 (Minn.)

As a rule an acknowledgment is no part of the deed, and a deed is good as between the parties if not acknowledged

at all. And in this case plaintiff is too late to complain. The deed is sufficient upon its face to entitle the defendant to the protection of the special statute of limitation. If the plaintiff was seeking to recover in a court of equity he would be barred on account of his laches, and in law he is barred by the statute. He bought simply for speculation and is not entitled to recover as an innocent purchaser. There is a legal as well as a moral obligation upon the owner of lands to pay taxes regardless of an assessment. (Couts v. Cornell (Cal.), 82 Pac., 194.)

BEARD, JUSTICE.

The plaintiff in error, who was plaintiff below, brought this action against the defendant in error, who was defendant below, to recover possession of certain real estate and damages for the alleged wrongful detention of the same by the defendant. The petition is in the usual form for an action in ejectment. The defendant's answer consists first of a general denial, and, second, claiming to hold the land and to be entitled to possession thereof by virtue of a tax deed and tax sale. The sale of the land for taxes is alleged to have occurred January 3, 1891, for the taxes of 1890; and the tax deed under which defendant claims is alleged to have been executed March 19, 1893.

It is alleged in the answer that the defendant and those under whom he claims have been in actual possession of the land for more than ten years; and he pleads both the general and special statutes of limitations. The plaintiff replied denying the new matter set up in the answer, and alleged that the tax sale and tax deed under which defendant claimed were void.

Upon trial in the district court, without a jury, the court found as to the north half of the southeast quarter of section 13, in township 54 north, of range 62 west; and lot 3 of section 18, in township 54 north, of range 61 west of the 6th principal meridian (which is the only land in controversy on this appeal), that "the plaintiff is barred from

recovering the same by the six years' statute of limitations (Sec. 1861, Rev. Stat. 1899) and by defendant's occupancy of the same for more than six years prior to the beginning of this action claiming under a sale thereof for nonpayment of taxes." Judgment was entered accordingly and the plaintiff brings the case here on error.

The only question presented to this court (aside from the sufficiency of the pleading of the statute, which we deem it unnecessary to consider) is the effect of the six years' statute of limitations as contained in Section 1861, R. S. 1899, as applied to the facts in this case. That section reads as follows: "No action for the recovery of real property, sold for nonpayment of taxes, shall be maintained unless the same be brought within six years after the date of sale for taxes aforesaid." No attack is here made upon plaintiff's title or his right to the possession of the land in controversy except the claim of the defendant by virtue of the tax sale and deed pleaded in his answer. The action was commenced more than six years after the date of the alleged tax sale and deed, and we think the court was warranted in finding that the defendant had been in the actual possession of the land for more than six years before this action was commenced. To prove title in himself and to support his possession, defendant offered in evidence a certain instrument purporting to be a tax deed issued by the treasurer of Crook County, in which county the land is situated. The plaintiff objected to the introduction of this instrument for the reason, among others, that it was void upon its face because not acknowledged before the clerk of the district court as required by law. The objection was overruled and the instrument admitted in evidence, and that ruling is assigned as error. The instrument is in form a tax deed, purports on its face to be signed by the treasurer of the county and is acknowledged before a notary public.

The statute in force at the time, in relation to tax deeds, is as follows: "Deeds executed by the treasurer shall be substantially in the following form:" (Then follows the

form.) "Which deed shall be acknowledged by the treasurer before the clerk of the district court, as follows:" (Then follows the form of acknowledgment.) (Sec. 3832, R. S. 1887; Sec. 1896, R. S. 1899.) Where the statute directs the execution of a deed by a public officer and requires it to be executed in a particular manner and to be witnessed or acknowledged before a particular officer, the witnessing or acknowledging of the deed in that manner is a part of its execution, and without such witnessing or acknowledgment is void upon its face. The rule is stated in Black on Tax Titles, Section 208, as follows: "A rule of primary importance is, that the execution of a tax deed must conform strictly to the statute; that is, any directions which the law may give in regard to its signature, seal, witnesses, or acknowledgment must be duly complied with, or the conveyance will be invalidated. Thus, if the act requires that tax deeds shall be authenticated by the addition of the seal of the county, and this be omitted, the deed will be void; nor will it even be admissible to show color of title under the special limitation of the revenue act."

It was held in Reed v. Merriam, 15 Neb., 323, that, "whatever may have been the object of the legislature in requiring the treasurer to attest the execution of a tax deed by his seal, the provision is one that cannot be dispensed with, and the want of a seal is no valid excuse. A treasurer acts under a naked statutory power in executing a tax deed, and unless he comply with the provisions of the statute the deed will be void." Also so held in Gue v. Jones, 25 Neb., 634. In Gabe v. Root, 93 Ind., 256, the court said: "The appellant, in support of his title, read in evidence a tax deed executed to him by the auditor of said county for said land, and as there was no evidence to impeach the validity of such title, he insists that he was entitled to recover upon the evidence. Section 211 of the act of March 29th, 1881 (Acts 1881, p. 679), provides that "Such deed shall be *prima facie* evidence of the regularity of the sale of the premises described in the deed, and of

the regularity of all prior proceedings, and *prima facie* evidence of a good and valid title in fee simple in the granter of said deed.' Under this section, appellant insists that as such deed is *prima facie* evidence of a valid title in fee simple it entitled him to recover in the absence of impeaching evidence. If the provisions of said section are applicable to a sale made previous to its adoption, a question we need not determine, this particular deed did not make a *prima facie* case for appellant. The same section provides that 'such conveyance shall be executed by the county auditor, under his hand and seal, witnessed by the county treasurer, and acknowledged before the county recorder or any officer authorized to take acknowledgments, and the same shall be recorded in the recorder's office before delivery.' This deed was not witnessed by the treasurer, and was not executed in compliance with, but in violation of the statute. Such deed was not, therefore, presumptive evidence of a legal title. Sheehy v. Hinds, 27 Minn., 259; Sutton v. Stone, 4 Neb., 319." (Armstrong v. Hufty, 156 Ind., 606-629.)

In Iowa, where the statute required a tax deed to be acknowledged before some one authorized to take acknokledgments, it is held in Goodykoontz v. Olsen, 54 Ia., 175, that "A tax deed conveys nothing unless acknowledged." In Pennsylvania the statute required a tax deed to be acknowledged in open court, and it was held a deed not so acknowledged was invalid. (Lee, Receiver, v. Newland, 164 Pa. St., 360.) The reason there given being that "the acknowledgment is sonething more than the mere authentication of the treasurer's signature; it is a judicial act, the completion of the process by which the land of a citizen is taken for his debt to the public." In Tilson v. Thompson, 10 Pick. (Mass.), 359, it is held that no title can be claimed under a deed from a collector of taxes unless the deed has been acknowledged and recorded. The case of Dunlap v. Henry, 76 Mo., 106, was a suit in ejectment and very much like the present case, and the court there said: "The court ruled properly that the

tax deeds offered by defendant were not sufficient to convey title to the land in dispute. The law in force at the time they were made required such deeds to be acknowledged before the county clerk. (Gen. St. 1865, p. 129, Sec. 124.) The law in this respect was not complied with and the deeds were void." (Citing Ryan v. Carr, 46 Mo., 483, and Williams v. McLanahan, 67 Mo., 499.) In Adams v. Buchanan, 49 Mo., 64, it was held that a sheriff's deed without the clerk's certificate of acknowledgment endorsed thereon was radically defective upon its face; that the acknowledgment is an essential part of the instrument, and that it was error to receive it in evidence without such acknowledgment.

The deed offered in evidence in the case before us not being acknowledged before the clerk of the district court as required by the statute is void upon its face and was inadmissible for the purpose of proving title in the defendant or his right to the possession of the premises. It is no more a valid tax deed than it would have been if not signed by the treasurer. A failure to observe this essential requirement of the statute as to its execution is as fatal to its validity as the failure to comply with the statute as to signature. Both are necessary to constitute the instrument a valid tax deed upon its face.

The question then is, does possession under a tax deed, void upon its face, start the running of the six years' statute of limitations? We are of the opinion that this question must be answered in the negative. There is some apparent conflict in the decisions, but we think the great weight of authority and the better reasoning is in favor of the conclusion we have reached. It is said in Black on Tax Titles, Sec. 283: "The provisions of a statute of limitations, to the effect that an action for the recovery of real property sold for taxes can only be commenced within a certain number of years from the date of the deed, will not run in favor of a tax deed that is *void* upon its face, even when the land intended to be conveyed by the tax deed has been in the actual, open and notorious possession of the holder

of the void deed during the whole of the statutory period."
The case of Redfield v. Parks, 132 U. S., 239, is a leading
case upon the question. In that case the trial court found
that the tax deed was void, but held that it constituted a
claim and color of title sufficient to put in motion the short
statute of limitations in favor of any person in possession
under it. But the supreme court in the opinion said: "We
think it very clear that the judge was correct in holding this
tax deed to be void. It was not merely void by extrinsic
facts shown to defeat it, but was absolutely void on its face.
But we think that the court erred in holding that such an
instrument could create color of title which would bring
the case within the foregoing statute of limitations." The
court in the opinion in that case quotes from Moore v.
Brown, 11 How., 414; Trustees of Kentucky Seminary v.
Payne, 3 T. B. Mon. (Ky. Apps.), 161; Waterson v. Devoe,
18 Kan., 223; and cites Mason v. Crowder, 85 Mo., 526;
Sheehy v. Hinds, 27 Minn., 259; Cutler v. Hurlbut, 29
Wis., 152; Gomer v. Chaffee, 6 Colo., 314, and Wofford v.
McKinna, 23 Tex., 36; and then concludes as follows:
"We do not discover in the statutes of Arkansas, nor the
decisions of its courts, cited by counsel for defendant, any-
thing to contravene these views, and we think that both
the weight of authority and sound principle are in favor of
the proposition that when a deed founded on a sale for
taxes is introduced in support of the bar of a possession
under these statutes of limitations, it is of no avail if it can
be seen upon its face and by its own terms that it is abso-
lutely void." To the same effect, see Hager v. DeGroat,
3 N. Dak., 354; Salmar v. Lathrop, 10 S. Dak., 216;
Schleisher, Admr., v. Gatlin, 85 Tex., 270; Brinker v. The
U. P., D. & G. Ry. Co., 11 Colo. Apps., 166; Coulter v.
Stafford, 56 Fed., 564; Keller v. Hawk (Okla.), 91 Pac.
(Advance Sheets), 778, and 27 Ency. Law (2d Ed.), 988.

There is no statute in this state making a tax deed, al-
though regular and valid on its face, *prima facie* evidence
of any fact recited therein or of the regularity of the prior

proceedings. Whether possession under a tax deed valid on its face, without proof of a substantial compliance with the statute as to such essentials as assessment, levy of taxes, advertisement, an actual sale, etc., would set the statute in motion is not presented by the record in the present case, and that question, therefore, is not considered.

Our conclusions are, that the instrument under which defendant claims is void upon its face and was inadmissible for the purpose of proving title or right of possession in the defendant, or that the land had been sold for non-payment of taxes; that defendant's possession under a tax deed, void upon its face, did not set in motion the special statute of limitations contained in Section 1861, R. S. 1899; and that plaintiff's action was not barred by that statute. For the error of the district court in holding that plaintiff could not maintain the action by reason of that statute, the judgment of the district court is reversed and the case remanded to that court for further proceeding not inconsistent with the views herein expressed. *Reversed.*

POTTER, C. J., and SCOTT, J., concur.