[No. 6421]

## THE EMPIRE RANCH AND CATTLE COMPANY v. BENDER.

1. **Pleadings—Aider by Pleading Over—**The omission, in a bill to quiet title, of an averment that the claim of defendant is "adverse to the plaintiff," is cured by an answer asserting an adverse title and asking affirmative relief.—(523)

That the defendant afterwards withdraws his prayer for relief does not alter the situation to his advantage.—(524)

2. **Quieting Title—Plaintiff's Possession —** Title in fee carries with it a presumptive possession and suffices to maintain the action when there is no actual adverse possession.— (524)

3. **——Defenses—**Where the defendant fails to assert, by his answer, title in himself, or asserting such title, entirely fails in his proofs, he is in effect out of court, and will not be heard to assert title in a third person.—(525, 526)

4. **Tax Deed — Acknowledgment —** A tax deed not acknowledged is a nullity.—(525, 526)

*Appeal from Washington District Court—*Hon. H. P. BURKE, Judge.

Mr. R. H. GILMORE for appellant.

Messrs. ALLEN & WEBSTER for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an action to quiet title under section 255 of the code. The complaint, as amended, alleges that the plaintiff is the owner and in possession of the S. W. ¼ of section 21, township 1 north, range 51 west, in Washington county, Colorado; that the defendant claims some right, title and interest in the land, which is without right as against the plaintiff and is a cloud upon her title. For a first defense, the defendant denies each and every allegation of the complaint, except it admits that it claims title to the real property described therein; and for a second and separate defense sets up a tax title, praying for a judgment and decree quieting same. Plaintiff had judgment and defendant brings the case here for review on appeal.

In the defendant's brief the question of the insufficiency of the complaint to support the action, because of its failure to allege that the title claimed by the defendant is adverse, is suggested. No such objection was made below, there is no assignment of error thereon and this matter is thus, for the first time, brought to the attention of this court, or of any court. It might well be held, under this state of facts, that this objection has never been legally raised. However, even if it be true that the complaint was obnoxious to a general demurrer, which we do not decide, it is clear that the omission from the complaint was cured by the allegations of the second defense, as it sets up an adverse title to that of plaintiff, and so supplied any supposed defect in the complaint.—*Robinson Con. Min. Co. v. Johnson,* 13 Colo. 258. It is to be further observed that the defendant asks for affirmative relief under its second

defense, to the end that its title be quieted, and that
plaintiff be barred and estopped from asserting any
claim to the property in dispute, thus submitting the
entire controversy to the court for adjudication, so
that this objection, in any event, is not now good.
The fact that the defendant later, by amendment, had
stricken from its prayer the request for affirmative
relief, does not alter the situation to his advantage.
The jurisdiction of the court attached upon the filing
of the answer, and nothing that the defendant might
do thereafter, by way of amending its prayer, could
oust that jurisdiction. In *Goodrum et al. v. Ayers*,
56 Ark. 93, the supreme court of that state, speak-
ing to an analogous proposition, had this to say:

"Conceding that the plaintiff was not in posses-
sion of the land, and for that reason could not main-
tain a suit to quiet title, it cannot avail the appellant;
for he filed a cross-bill seeking to quiet his own title,
and it gave the court jurisdiction of the entire con-
troversy."

The evidence is that prior to the inception of
the alleged tax title, one Jacob F. Eckels, in posses-
sion as owner of the land in controversy, under patent
from the United States, dated November 6, 1895, con-
veyed the premises in dispute, for a consideration of
$1,150.00, to Sarah E. Bender, plaintiff; and that
at the time of the commencement of this action and
at the trial the lands were vacant and unoccupied.
The title in fee in plaintiff to the land carries with
it presumptive possession, and entitles her to main-
tain this action, in the absence of actual entry and
adverse possession by another.—*Phillippi v. Leet*, 19
Colo. 246; *Morris et al. v. St. Louis Nat. Bank*, 17
Colo. 231; *Mitchell v. Titus*, 33 Colo. 385; and *Keener
v. Wilkinson*, 33 Colo. 445. Not a syllable of testi-
mony was given or offered to show actual entry or
adverse possession by another.

The tax deed offered in evidence, to support defendant's adverse claim, was unacknowledged. Without acknowledgment it is a nullity, and was not competent in evidence for any purpose. Under the statute in force at the time of the execution of such an instrument, it was a prerequisite that the deed should be signed by the treasurer in his official capacity and attested by his official or private seal, and acknowledged, before some officer authorized to take acknowledgments of deeds, and when substantially thus executed and recorded in the proper records of title to real estate, it vested all the right, title, interest and estate of the former owner in and to the lands conveyed. Until the deed was thus executed, namely, signed by the treasurer in his official capacity, attested by his private or official seal, and acknowledged, it was no deed.—Mills' Ann. Stats., secs. 3901 and 3902; *Sayre v. Sage,* 47 Colo. 559; *Dunlap v. Henry,* 76 Mo. 106; *Leftwich v. City of Richmond,* 100 Va. 164; and *Jackson et al. v. Neal,* 136 Ind. 173.

The offer by defendant to show by the record a trust deed upon the lands in question, made by plaintiff, after fee vested in her, to the public trustee of Washington county, for the use of the Industrial Building and Loan Association, to secure the payment of a loan from it, without more was immaterial and properly excluded.

The moment defendant's alleged adverse title failed, as it did when it offered in support of it a tax deed void on its face, it had no further interest in the cause, and could raise no other issue. That part of its answer denying plaintiff's title and possession, under such condition, was in law a nullity. It is only when a defendant has shown by his answer that he has an interest in the property adverse to plaintiff, such as will entitle him, on proper proof, to some relief in connection therewith, that he is in position to

put plaintiff to proof of his possession and owner-ship under the statute. To illustrate, if defendant had answered only a general denial, that would not have put plaintiff to proof, but would have been equivalent to a disclaimer, and judgment must have gone for plaintiff on the pleadings. So in this case, when the defendant failed to establish its alleged adverse title, it was in effect out of court, and its offer to show naked legal title in a third person was wholly irrelevant and immaterial. It is only because of his adverse interest that a defendant is permitted to question a plaintiff's rights at all.—*Wall v. Manges,* 17 Colo. 476; *Lamber v. Shumway,* 36 Colo. 350; and *Weston v. Estey,* 22 Colo. 341.

The question of a necessity of a tender to defend-ant of its tax outlays, in order to entitle plaintiff to maintain this action, is settled adversely to the claim of defendant in the case of *Lanning v. The Empire Ranch and Cattle Company,* decided at the present term of this court.

The fact that the deed is void on its face, because unacknowledged, makes it unnecessary to consider or discuss other questions urged by respective coun-sel. The judgment, appearing in all respects to be right, is affirmed. *Affirmed.*

Chief Justice Campbell and Mr. Justice White concur.