[No. 3598.]

## EMPIRE RANCH & CATTLE CO. v. HOWELL.

1. TAX TITLES—*Void Deed.* A treasurer's deed showing upon its face that it is founded upon a sale to the county, and an assignment of the certificate of purchase by the county clerk, more than three years after the date of the sale, is void.

2. EJECTMENT—*Plaintiff Recovers Upon the Strength of His Own Title.* Whatever may be the condition of defendant's title, the plaintiff not showing any title in himself has no right to annoy him. And the defendant is at liberty to make objection to any defect in the plaintiff's chain of title, even though he pleads a title derived from a different source, and a title' which appears upon its face to be an empty one.

3. TRUST DEED—*Trustee's Deed—Recitations.* In ejectment plaintiff gave in evidence a deed of trust of the land in controversy for securing the payment of a promissory note mentioned therein. He then offered a trustee's deed executed by the trustee named in such deed of trust reciting a deed of trust between the same parties and bearing the same date with that offered in evidence for the security of the same person, but recorded on a different date, and at a different place. It was shown that there was, in fact, a deed of trust corresponding as to date and place of record with that recited in the trustee's deed and purporting to be executed by the same grantor in the deed of trust offered by plaintiff to the same trustee, and to convey the same land, but securing a different sum of money, to a different creditor. *Held* that, *prima facie*, the trustee's deed offered by plaintiff was not executed pursuant to the deed of trust upon which he relied, and, there being no evidence to explain these discrepancies, that plaintiff showed no title.

4. LIMITATIONS—*Void Deed.* One claiming under a treasurer's deed void upon its face cannot avail of the five years' statute of limitations (Rev. Stat., sec. 5733).

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

Judgment reversed in part and affirmed in part.

KING, J., delivered the opinion of the court.

Appellee, as plaintiff, brought his suit to recover

possession of the northeast quarter of Section 17, Township 5 north, Range 50 west, and also the northeast quarter of Section 34, Township 4 . north, Range 51 west, based upon his claim of title to said tracts in fee simple. Defendant denied plaintiff's title and right of possession, alleged its ownership of both parcels of land under treasurer's tax deeds, pleaded the short statute of limitations, and payment of taxes for seven successive years under claim and color of title made in good faith to vacant and unoccupied land. Judgment was rendered in favor of plaintiff as to both parcels of land.

. It was admitted that plaintiff had title in fee to the northeast quarter of Section 34 above described, unless extinguished by the treasurer's tax deed under which defendant claimed. That deed, however, shows on its face that the certificate of purchase upon which it was based was assigned by the county clerk more than three years after the date of the sale, and for that reason is void.

To establish his *prima facie* title to the northeast quarter of Section 17 aforesaid, plaintiff offered a deed of trust from one Shultz, the patentee, to W. H. Lanning as trustee for the use of Thomas Frahm, to secure payment of a promissory note for the sum of $200 with interest, conveying the land last referred to. Said deed of trust was dated June 1, 1888, recorded June 23rd of the same year at page 220 of book 10; also a trustee's deed which recited a sale under a deed of trust from Shultz to Lanning as trustee for the use of Frahm, securing the same sum, conveying the same land and bearing the same date as the trust deed offered, but recorded October 15th, 1888, in Book 10 at page 303. Over defendant's objection the trustee's deed was admitted in evidence. The recitals of this trustee's deed show, *prima facie*, that it was not pursuant to a foreclosure of the deed of trust offered in evidence; and therefore, without

further showing, the trust deed was not evidence to support the foreclosure. Defendant, for the purpose of showing that the foreclosure was not made pursuant to the deed of trust recorded October 15th, 1888, in Book 10 at page 303, offered in evidence that deed, which disclosed that it was from Shultz to Lanning, for the same land, bearing the same date as the one offered by plaintiff, but given to secure the sum of $50 instead of $200, and for the use of one McKinley instead of Frahm, as in the trust deed offered by plaintiff. This deed showed, *prima facie,* that the trustee's deed offered by plaintiff was not executed under a foreclosure pursuant to said last-named deed of trust. Upon the present showing, plaintiff failed to establish title to the tract of land last named. In *Mulqueen v. Lanning,* 53 Colo., 146, 124 Pac., 577, an action to quiet title, plaintiff in support of his title offered a trustee's deed which recited a trust deed not in evidence. The record did disclose a trust deed between the same parties but for the use of a different person from the one for whose use the deed of trust forming the basis for the trustee's deed was made, and also securing a different sum from that stated in the trustee's deed. There was no evidence to reconcile these discrepancies, and the court held that plaintiff had failed to prove any title whatever. The case cited is authority for the conclusion we have reached. Appellee contends that the defendant, claiming through another and different source of title from plaintiff, has no right to raise objections to the trustee's deed. We know of no reason for so holding, and no authority which so holds under similar circumstances. After defendant's denial of plaintiff's title and right of possession, plaintiff was put upon proof of his own title; and until he had made *prima facie* proof thereof defendant was not required to submit his title deeds for adjudication. The plaintiff, without title, had no right to annoy and harass the defendant, whatever

may have been the condition of its title under the tax deed.—*Daniels v. Case,* 45 Fed., 842; *Empire Ranch & Cattle Co. v. Bender,* 49 Colo., 522, 113 Pac., 494.

The five-year statute of limitations afforded no protection to title claimed under void tax deed, and payment of taxes for the requisite time under claim and color of title made in good faith to vacant and unoccupied lands was not proven.

For the reasons given the judgment in so far as it affects the title to the northeast quarter of Section 34, Township 4 north, Range 51 west, is affirmed; and as to the northeast quarter of Section 17, Township 5 north, Range 50 west, it is reversed, and the cause remanded for further proceedings as to that tract only.