Cunningham, Presiding Judge,
specially concurring:
I concur in the result reached in the majority opinion in this case, but base my concurrence entirely upon the *557 rale laid down in Bowman v. Wettig, 39 Ill., 416, and in Dalton v. Lucas, 63 Ill., 337, wherein it is held that:
“A purchaser from a grantee in a tax deed, which was executed before the expiration of two years from the sale, would not be held to notice of the illegality appearing on its face.” — Bowman v. Wettig, supra.
And:
“A subsequent grantee would not be affected by the laches of a purchaser at a tax sale, but the party himself, having omitted a plain duty enjoined upon him by law, will be considered as having done so for some sinister purpose, and will not be permitted to avail of -a deed procured by such neglect.” — Dalton v. Lucas, supra.
On all other points the majority opinion, as I view it, is diametrically opposed to the rule announced by our supreme court in Richards v. Beggs, 31 Colo., 186, 72 Pac., 1077. It is true, as is said in the majority opinion, that in the Richards case:
“There is no intimation in that ease that the treasurer’s deed was offered merely as colorable title to support the possession and payment of taxes under the statutes of limitation.”
But it is equally true that there is nothing in the Richards opinion which indicates any limitation whatever upon the rule therein announced, which is unequivocal, that a tax deed is not admissible in evidence to establish title to real estate unless it first be proven, either that the statutory notice was given of when the time for redemption would expire before the deed was issued, or that the assessed valuation was less than $500. The two closing sentences of the opinion in the Richards case are too plain to require construction or to warrant cavil, and they read as follows:
“No presumptions obtain that the preliminaries which authorize the issuance of a tax deed have been observed, or that the conditions necessary for its issuance *558 existed, except as suggested by statute; hence, so far as the authority of the treasurer to issue a tax deed is dependent upon the conditions contemplated by the section under consideration, that must be shown to exist by evidence aliunde, for the deed itself would not prove them. It is, therefore, incumbent upon the parties claiming title under a tax deed to prove, either that the statutory notice ivas given, or that the assessed valuation rendered it unnecessary to give such notice before the deed would -be admissible in evidence.” [The italics are mine.]
If the seven year statute of limitations were satisfied by the mere proof of color of title, there would be much force in the position taken in the majority opinion that a tax deed void on its face, when offered as color of title only, ought to be admitted, without requiring of the holder of such deed preliminary proof that he had complied with the statutes pertaining to notice; but the seven year statute requires more than color of title; it requires good faith, and while many authorities hold that good faith will be presumed, it ought not to be presumed in favor of one who relies for his title on a deed clearly void on its face, and where the invalidity of his deed is due to his own failure or omission to comply with a statutory requirement. As was well said by the supreme court of Illinois in Dalton v. Lucas, supra:
“But the party himself, having omitted a plain duty enjoined upon him by law, will be considered as having-done so for some sinister purpose, and will not be permitted to avail of a deed procured by such neglect. ’ ’
The neglect of a grantee in a tax deed to comply with a statute is a fraud in*law, if not a fraud in fact, and certainly sufficient to overcome all presumptions of good faith on his part. To hold that a tax deed like the one here before us cannot be admitted in evidence when offered as paramount title, but must be admitted when offered as color of title held in good faith, is, to my mind, *559 illogical. "Whether the tax deed holder rests his title upon the tax deed alone, or upon that instrument, plus the statute of limitations, in either case he must, before he can prevail, have his deed admitted. If his- failure to give the statutory notice of his intention to take a-deed bars the admission of the deed when offered for one purpose, it seems logical to hold that it bars it for any purpose. At any rate, this is the rule of evidence announced by our supreme court in Richards v. Beggs, supra, and with that ruling I am in complete accord. To permit the holder of a tax deed who has ignored, presumptively from some sinister purpose, the provisions of the statute pertaining to the giving of preliminary notice, to avail himself of the statute of limitations, is to encourage a disregard of the statutes by offering a premium therefor. Where one, without any explanation whatever, disregards a duty imposed upon him by statute, it ought to be presumed that he-did it wilfully and intentionally, and for a sinister purpose, ■ and, in the absence of all proof, he ought not to be permitted to reap a benefit from his own wrongdoing.
Under the rule announced in the majority opinion, a confessed violator of the law may present his self-tainted tax title to a court of equity and have it purified by the chancellor. The oscillations of the judicial pendulum between the rule of strict and the rule of liberal construction, as applied to tax deeds, is regrettable.
It is stated in'the majority opinion that, “a tax deed, invalid upon its face, has been repeatedly held to be color of title in this jurisdiction.” While, literally, this statement is supported by the opinions cited, I undertake to say that there is no opinion in this state which has held that a tax deed void on its face, and whose invalidity was due entirely to omissions on the part of the grantee himself, which omissions are presumptively due to a sinister purpose, can constitute color of title under our seven *560 year statute to the advantage of such grantee. None of the cases cited from this state meet the conditions that I have here outlined, and therefore, they are not in point. The deed in DeForesta v. Gast, 20 Colo., 308, 38 Pac., 244, was claimed to be void on its face because it showed a sale and conveyance of several distinct parcels of land en masse, whereas the statute in force at that time required a separate sale and conveyance of each parcel. The court in the DeForesta case (p. 309) held that:
“There is nothing in our statute which requires separate deeds for each piece of property sold, where the purchaser of the several tracts is the same person. ’ ’
Citing Waddingham v. Dixon, 17 Colo., 223, 29 Pac., 177, where the point had been so held. The opinion in the DeForesta case further held (p. 310) that where the deed by its recitations showed that the tax proceedings were “in substantial conformity with the requisitions of the statutes in such case made and provided,” it practically supplied any defects in the accompanying recitals. But even this doctrine has been repudiated by our supreme court time and time again, and it has been frequently ruled, since the DeForesta opinion was handed down, that such deeds are absolutely void.
In the case of Williams v. Conroy, 35 Colo., 117, 83 Pac., 959, cited in the majority opinion, it is specifically said (p. 120) that:
“Plaintiff’s tax deeds were regular and valid on their face, though because of invalidities in the sale they are, as a matter of law, void.”
Here is the plain distinction between the Williams case and the case at bar. Again, on the same page, it is said: Í
“These tax deeds, though valid on their face, are void for the same irregularity which affects the plaintiff’s earlier ones.”
This is sufficient to demonstrate clearly, I think, that *561 the Williams case cannot properly be cited to' support the conclusions reached in the majority opinion.
In Whitehead v. Callahan, 44 Colo., 399, 99 Pac., 57, Chief Justice Campbell, speaking for the court, said:
“If this tax deed was void, especially if it was void upon its face, as the court found it was, which holding we have elsewhere herein affirmed, defendant’s occupancy of the land in controversy under it was a trespass.”
The query naturally arises, just how long one must persist in a trespass in order that a spurious title under which he trespasses shall ripen into an unassailable title? The majority opinion says seven years.
In Emerson v. Shannon, 23 Colo., 274, 47 Pac., 302, Chief Justice Hayt ruled that a tax deed showing on its face that non-contiguous tracts of land were sold together for a gross sum, was, under uniform holdings of the authorities, ‘ ‘ absolutely void. ’ ’ In that case it should be borne in mind that the irregularity appearing on the face of the deed was not due to culpable wrong on the part of the grantee, but error on the part of the county treasurer. This ruling was upheld in Webber v. Wannemaker, 39 Colo., 428, 89 Pac., 780. It is true that in the Webber case, and also in the Emerson ease, it is said that such deeds are “not admissible to support a title,” and the majority of the court in the instant case seems to discover in this limitation a port of refuge, but if the deed in the present case was not sufficient to support a title, then it was utterly immaterial. It is not ruled in the Williams and Emerson cases that the deed becomes inadmissible only when it is offered as full and complete proof of title, but, on the contrary, it is held inadmissible when it is offered to support title.
In Eaches v. Johnson, 46 Colo., 457-9, 104 Pac., 940, it is said:
“The tax deed was not executed as required by sec. *562 3902, Mills’ Ann. Stats., and was therefore not prima facie evidence of anything. ’ ’
The statutes were violated in the instant case-in the issuance of the deed here under consideration, and the statutes were violated by appellee, the grantee in the deed named.
In Sayre v. Sage, 47 Colo., 559-568, 108 Pac., 160, it is said that:
“The bar of the statute does not begin to run until the deed is recorded, for the reason that it is only after it has been filed for record that any title of the owner is conveyed. ’ ’
And because the grantee in the tax deed in the Sayre case had withheld the same from record, the court in that case ruled that the deed, until recorded, did not even constitute color of title. In other words, it was the duty of the grantee in the deed to record the same, and until he complied with the statute in this behalf, he could not claim color of title. But it is no more the duty of a grantee of a tax deed to record the same than it is his duty to serve the notice of his intention to take the tax deed, and until he does serve such notice, the title and interest of the owner is not divested.
Section 3904, Mills’ Ann. Stats., reads:
“No action for the recovery of land sold for taxes shall lie unless the same be brought within five years after the execution and delivery of deed therefor by the treasurer, any law to the contrary notwithstanding; * * * ’ ’
In Sayre v. Sage, supra, our supreme court ruled that section 3904, supra (commonly known as the short statute), does not bar an action to set aside a tax deed, upon the ground that it is void upon its face, citing many Colorado authorities. It is difficult to perceive any reason’ why a tax deed void on its face cannot set the five year statute of limitations in motion, but- may set the seven year statute in motion. Again, in the Sayre case, p. 565, *563 it is held that a treasurer’s deed to land sold for taxes is void, unless attested by the official or private seal of the treasurer. This, because the statute so requires; but the statute pertaining to attestation is no more. imperative than the statute -which requires the grantee in a tax deed to serve notice of his intention to take the deed. If he may not disregard one statute, he may not disregard another.
As early as the 6th Colorado, our supreme court ruled that a tax deed which bore on its face the evidence of non-compliance with a substantial requisition of the law was a nullity.' See Gomer v. Chaffee, 6 Colo., 317. It is true that in that case the court had the short statute under consideration, but this ought to make no difference. In the course of the Comer opinion tlie supreme court said:
“It is difficult to see how the statute of limitations can avail a defendant holding a void tax deed. There was nothing for the statute to operate upon; nothing for it to run in favor of or against; nothing to set it in motion. The deed was void; it did not give him constructive possession nor right of actual possession. The limitation is intended to apply to cases where the provisions of the law had been complied with, not to void proceedings in violation of law,” citing many cases.
In Empire Ranch & Cattle Co. v. Coldren, 51 Colo., 121, 117 Pac., 1005, our supreme court uses this language:
‘ ‘ The clerk had no authority to assign the certificate after the lapse of three years, and the assignment was void. An assignment was essential to the issuance of deed. A deed executed upon a void assignment is in self void 'and conveys no title. The tax deed is, therefore, upon its face, a nullity. ’ ’
This reasoning is applicable to the facts before us. The, treasurer had no authority to issue the deed we are here considering, unless and until the holder of the tax *564 certificate, who was demanding a deed, had served notice upon the original owner, or had made a showing that the land was worth less than $500. Such notice was essential to the issuance of deed. A deed executed without such notice is itself void, and conveys no title. Hence the tax deed before us is, therefore, upon its face, a nullity. It will, therefore, be seen that whatever may have been the holdings of the earlier Colorado cases, the later decisions are all to the effect that a deed void on its face is a nullity, and that one who holds possession under it is a trespasser. But, as I have tried to point out already, there is no early Colorado case holding that a tax deed void on its face is sufficient to support color of title, where the invalidity is due to the wrongful acts of the grantee in such deed named. The great weight of modern authority everywhere is against the rule that a tax deed void on its face can set in motion a statute of limitations like our own, which requires the concurrence of three things, vis., color of title; claim under it; and that claim made in good faith.
In Evans v. Welch, 29 Colo., 364, 66 Pac., 776, it is said that:
“All presumptions are in favor of the legal holder and the burden of overcoming them rests with him who assails the legal title.”
Therefore, in my judgment, there can be, in an action brought by one who claims title under a tax deed, no presumption of good faith.- But certainly, if such presumptions may be indulged in, under certain circumstances, it is overthrown by positive record evidence of bad faith. I am in entire accord with the views of the supreme court of Oklahoma as expressed in Keller v. Hawk, 19 Okla., 407 (413), 91 Pac., 778, wherein it is said:
“The legislature did not intend that time should breathe life and force into an instrument upon the face of which it could be seen that it was absolutely void. The *565 law of limitations was intended to protect purchasers at tax sales, and their grantees, from hidden defects in the proceedings, and not from those which the tax deed shows upon its face, and which, under the law, persons dealing with the title are bound to know.”
The supreme court of Wyoming is to the same effect. See Matthews v. Blake, 16 Wyo., 116, 92 Pac., 242. The majority opinion in the instant ease breathes life and force into an instrument upon the face of which it can be seen that it is absolutely void, because of the culpable acts of the grantee therein named.
It should not be forgotten that this is an equity case, and that equity maxims are applicable. Equity regards that as done which ought to be done, and, I suppose, it will regard that as not having been done which can only be done in flagrant violation of law. In Richards v. Beggs, supra, Justice Gabbert says:
“A tax deed cannot issue upon a tax sale certificate without previous notice of the time when the right to redeem would expire, unless the assessed valuation upon which the sale was based was less than $500.”
But the effect of the majority opinion in this case is that while a tax deed cannot, or ought not to, so issue, nevertheless it has, and has issued at the instigation of the appellee in this case, and to his benefit. By his own wrong he becomes the owner of the land in question, if the majority opinion shall stand as the law of this state.
There is another reason which, to my mind, is sufficient, why the preliminary noticé must be proven as a condition precedent to the admission of the tax deed; this notice is necessary to cut off the right of the fee holder to redeem from the tax sale, and until he is so served, the owner of the fee may unsuccessfully assert his right of redemption, and therefore, if the tax. deed has *566 been admitted in evidence by the court, it could have availed appellee nothing.
The ruling of the trial court in admitting the tax deed was, in my opinion, erroneous.