MAY TERM
1840.

Gurno
vs.
A. & N. Janis
adm'rs of Ja-
nis.

## Gurno v. A. & N. Janis, adm'rs of Janis.

1. The certificate of the Recorder of land titles made in conformity with act of Congress of May 26, 1824, is evidence of the facts contained in such certficate.

2. Whenever the law requires an officer to give a certificate of the existence of any fact, such certificate is evidence of the fact contained therein.

3. The act of Congress of June 13, 1812, amounts to a statutory confirmation of the town or village lots, &c, in the respective towns and villages therein mentioned, to all persons who come within the provisions of the act; and the owners or claimants of such lots, &c., have only to show, whenever their rights or claims to such lots are in litigation, that their cases are embraced by said act. Tompkins Judge dissenting.

4. The rule of the common law, that the defendant, in an action of ejectment, may show an outstanding title in a third person to defeat the suit of the plaintiff, is not changed by our statute, regulating the action of ejectment.

5. Under the act of June 13, 1812, it is not necessary that the claimant should have inhabited &c. the lot claimed, at the time of the passage of that act; but inhabitation, &c. prior to 20th Dec. 1803, is sufficient to pass the title from the U. S. to the claimant, without any regard to the fact. whether such inhabitation, &c. had continued up to the passage of the act.

*Coalter for Pl'tff in error.*

I contend that the court committed error in refusing the instructions.

The second instruction supposes a state of facts, if possible, still stronger against the plaintiff, for it supposes the s i l Tous ant Lebeau to have been the only person who so inhabited, cultivated, and possessed, the premises in question, prior to the 20th December, 1803.

The question then is, does this make a better title than the certificate of Recorder Hunt which is the only title shown by the plaintiff?

Story's laws page 1972.

*Geyer for Pl'tff in error.*

1. The certificate of the Recorder is not competent evidence. Revi ed code 1835, p. 234, 251. Story's laws U. S. vol. 3. p. 1972.

2. The act of Congress of 13th June 1812, confirmed the lot—leaving the courts to decide between conflicting claims; and a confirmation by the recorder of land titles could give

no better title. Vassier v. Benton, 1 Mo. R. 96. Salle dit Lajoi 3d do. 529. See also Newman v. Studley 5 vol. 12 Peters 454. 6 Cranch 128.

MAY TERM 1840.

Gurno
vs.
A. & N. Janis adm'rs of Janis.

6. The instructions, prayed for by the defendant, ought to have been given. If the facts stated hypothetically be true, (and that was a question for the jury,) the act of 13th June 1812, proprio vigore is a grant to Toussant Labeau and his representatives, and no subsequent act of the grantor, or his agent, could divest that title. See authorities on 2d point.

4. The Recorder, by the act of 26th May, 1821, was to ascertain, by evidence, what lots had been confirmed; but he was not authorized to make a grant de novo—much less, could he divest the title which, for twelve years, had been vested in another.

5. The duty of the Recorder was to discriminate between the public and private lots, and when he ascertained that any lot was rightfully claimed, according to the act of 13th June 1812, he was to certify that it had been confirmed; but he could not decide between individual claimants, which this court has decided as a judicial question. Vassier v. Benton, 1 Mo. R. 296.

6. The evidence before the recorder, under the act of 1824, was ex parte and includes no one except the United States; the question between individual claimants is still to be decided by the courts, according to the evidence before them.

7. If the act of the Recorder be regarded as a grant to Janis, still the prior grant of 13th June 1812 will prevail.

8. If it be true that Labeau was the only person who inhabited, cultivated or possessed the lot in question, prior to 20th Dec. 1803. he and his representatives acquired a complete title on the 13th June 1812, by grant from the United States; and the Recorder could no more divest the title under that grant, than he could supersede a confirmation by the commissioners, or a patent deed of the United States. Act of 9th March, 1825, Rev. 234. Revised code pa. 251, sec. 8.

*Campbell for Def'ts in error.*

1st. The circuit court did not err in admitting the certifi-

MAY TERM.
1840.

Gurno
vs
A. & N. Janis
adm'rs of Ja-
nis.

cate of confirmation of Theodore Hunt, Recorder of land ti-
tles, to Antoine Janis, dec. for the premises in controversy.

2d. The circuit court did not err in refusing to give the
two instructions prayed for by the defendants.

3. The certificate of the Recorder in this case is evidence
of title, conclusive against the United States, and prima facie
evidence of title against all persons not having a better title.
Mo. R. vol. 4, page 458. Story's laws of U. States vol. 2,
page 1257. Vol. 3, page 1972. Morton vs. Blankenship,
Mo. R. vol. 5 page 346. Mo. R. Vol. 1 page 296; do. vol. 2,
page 529; do. 4, 458; do. 5. 236.

*Opinion of the Court delivered by McGirk Judge.*

Napton Judge not sitting.

The administrators of Janis brought an action of eject-
ment, in the circuit court of St. Charles county, for a lot of
ground in the town of St. Charles. The defendant pleaded
not guilty. On the trial of the cause the plaintiff had a ver-
dict and judgment. The cause was brought to this court, the
judgment was reversed, the cause remanded, and on the trial
of the cause the plaintiffs again had judgment, to reverse
which the cause is again brought here.

On the trial of the cause in the circuit court, the plaintiffs
gave in evidence a certificate of Theodore Hunt, Recorder
of land titles for the State of Missouri, confirming this lot of
ground to Antoine Janis the intestate. The defendant ob-
jected to the giving this certificate in evidence; the objection
was overruled, and the paper received and read to the jury.

Upon this evidence, after having proved the defendant in
possession at the time of bringing the action, the plaintiff
rested his case.

The defendant then gave evidence to show that, prior to
the 20th December, 1803, one Toussant Lebeau possessed,
inhabited, and cultivated the lot in question, and that he, the
defendant, had a conveyance from a portion of Lebeau's
heirs for their share of the lot, and that the right to the bal-
ance was yet in Lebeau's heirs.

After the evidence was closed, the defendant moved the
court to instruct the jury: 1st, that if they find from the evi-
dence that Toussant Lebeau inhabited, cultivated and pos-
sessed the lot in question, prior to the 20th of December,

1803, and that he was an inhabitant of the village of St. Charles on the 13th day of June, 1812, then the plaintiffs are not entitled to recover.

2d. That if the jury find from the evidence, that Lebeau was the only person who inhabited, cultivated, or possessed the lot in question, prior to the 20th of December, 1803, and that he continued to be an inhabitant of St. Charles until, and on, the 19th of June, 1812, the plaintiffs are not entitled to recover.

The circuit court refused both these instructions, which refusal is assigned here for error.

The plaintiff in error, also, assigns for error, the reception of the Recorder's certificate, made in pursuance of the act of Congress of May 26th, 1824.

When this case was before this court on a former occasion, I wrote the opinion of the court, and gave my own views of the act of Congress of June 13th, 1812, (2 vol. Story's L. U. S. p. 1257,) and also my views of the act of 26th of May, 1824, 3 vol. Story's laws U. S. p. 1972.)

The counsel for the plaintiff in error insists now, that the Recorder's certificate is no evidence of any confirmation to Janis. First, Because it is no copy of any book, or paper, belonging to the office of the Recorder of land titles, and therefore does not come within the act of the General Assembly of January 26th, 1835, Revised code p. 250. The 7th section of that act declares, that copies of confirmations had before the Board of Commissioners for the adjustment of land titles, or before the Recorder of land titles, &c., and certified by the Recorder, or other person having the lawful custody of the papers, &c., shall be evidence, &c. The objection taken by the counsel for the defendant is, that the certificate given in evidence is no copy of any confirmation, but is an original paper, and therefore is not within the law. To this Mr. Campbell, for the defendants in error, replies, that the paper is evidence as an original paper, the Recorder being required by the act of Congress of May 26th, 1824, to give a certificate of confirmation in each case of confirmation. I am of opinion this is correct legal reasoning, and that the rule of law is, that whenever the law requires an

*Margin: MAY TERM 1840.*

*Gurno vs. A. & N. Janis adm'rs of Janis.*

*The certificate of the Recorder of land titles, made in conformity with the act of Congress of May 26, 1824, is evidence of the facts contained in such certificate.*

MAY TERM 1840.

Gurno
vs.
A. & N Janis adm'rs of Janis.

officer to give a certificate of the existence of any fact, that t e certificate so given is to be received in evidence of the existence of the fact.

There is then no error on this point.

The next point is, did the court err in refusing to give the instruction asked by the defendant? My opinion is, that on this point there is error.

The opinion in this case, heretofore delivered, established the legal value of the recorder's certificate, as evidence to sustain the action of ejectment on the part of the plaintiff.— But now the question is to be decided, what kind of title, on the part of the defendant, is sufficient to defeat the plaintiff's action, notwithstanding the certificate of the recorder.

By the act of the 13th of June 1812, it is enacted, by the 1st section thereof, (2 vol. Story L. U. 1257): "That the rights, titles, and claims to town or village lots, out lots, &c., in, adjoining to, and belonging to St. Charles, &c., which lots have been inhabited, cultivated, or possessed prior to the 20th day of December 1803, shall be, and the same are hereby, confirmed to the inhabitants of the respective towns aforesaid, according to their several right or rights in common thereto: provided this act shall not effect any confirmation made by the board of commissioners for the adjustment of land claims," &c.

It was the opinion of this court in the case of Vassier vs. Benton, and in this case when it was up before, that the act of 1812 amounts to a statutory confirmation of the town lots in the respective villages of all those lots, and to all those persons who come within its description, and that the owners or claimants have nothing to do but to shew whenever their rights are disputed in courts of justice, that their cases are within the act.

The act of the General Assembly of Missouri, R. C. p. 231 sect. 1, declares, that the action of ejectment may be maintained in all cases where the plaintiff is legally entitled to the possession of the premises. This declaration throws but little light on the subject. But the 2nd section declares, that the action may also be maintained in all cases, where the plaintiff claims the possession of the premises, against

Whenever the law requires an officer to give a certificate of the existence of any fact, such certificate is evidence of the fact contained therein.

The act of Congress of June 13, 1812 amounts to a statutory confirmation of the town or village lots, &c. in the respective towns and villages therein mentioned, to all persons who come within the provisions of the act; and the owners or claimants of such lots &c, have only to show, whenever their rights or

MAY TERM
1840.

Gurno
vs.
A. and N. Ja-
nis adm'rs of
Janis.

claims are in
litigation,
that their ca-
ses are embra-
ced by said
act. Tomp-
kins Judge
dissenting.

any person not having a better title thereto, by virtue of an entry with the register of public lands, a pre emption, a New Madrid location, and 4th, a confirmation made under the laws of the U. S. A.

Now in all these cases the plaintiff may maintain his action of ejectment against any one who has not got a better title than his. But in every case where the defendant has a better title than his, the plaintiff cannot, as against that defendant, maintain his action. In this case the plaintiffs have, in my opinion, brought their case within the first part of the act of our legislature; they have produced a confirmation, made to them by virtue of the act of Congress of the 6th of May 1824. The defendant, however, shews that the same lot of land was confirmed to him, and third persons, by the act of Congress, of 13th June 1212, nearly 18 years before the plaintiffs confirmation took place. In this ca e the rule at law is the same as that in equity, which is, that he who is first in point of time, is best in right. According to this view of the laws, the defendant has a better title to the premises than the plaintiff, notwithstanding the plaintiff has the confirmation of the recorder. In this case, however, the defendant, Gurno, has only shewn that he has purcha-sed two shares, of the heirs of Lebeau, and that as to the other shares as he has no title thereto; and as the plaintiffs have a confirmation of the whole to their intestate, as to the balance of the lot the plaintiffs insist they have a right to recover. This brings in question the doctrine whether the defendant can, to defeat the plaintiff, prove an outstanding title in a third person. My opinion is, that as to this rule of the common law the statute of ejectments has made no alteration. Suppose a plaintiff on the trial, in any case, proves his title by a patent of any given date, and then the defendant will shew that one, or ten years before the plaintiff's right accrued, a patent was made to a third person for the same land. In such a case, it is quite clear, the defendant has no right to the property. But it is equally clear that the plaintiff has no right to recover, because, in such case, he has no title. Why should he then recover of the defendant because the defendant has none?

MAY TERM
1840.

Gurno
vs
A. & N. Janis
adm'rs of Ja
nis.

From this view of the subject I conclude that the defendant may, as at common law, shew outstanding title to defeat the plaintiff, and that he is entitled to the possession against all the world but the right owner. In this case, then, a part of the title seems to be in the defendant, and a part in the heirs of Toussant Lebeau.

The rule of the common law, that the defendant in an action of ejectment, may show an outstanding title in a third person to defeat the suit of the plaintiff, is not changed by our statute, regulating the action of ejectment.

Under the act of June 13, 1812, it is not necessary that the claimant should have inhabited &c., the lot claimed, at the time of the passage of that act; but inhabitation &c., prior to 20th Dec., 1803, is sufficient to pass the title from the U.S. to the claimant, without any regard to the fact, whether such inhabitation &c., had continued up to the passage of the act.

Mr. Campbell, of counsel for the defendant in error, insists, that at the time the act of 13th June 1812, was passed, there should not only have been inhabitation, cultivation, or possession, on the part of any claimant, but that the same should have continued, and should have been in existence on the day of the passage of the confirming act of 13th June 1812.

I do not think this view of the law is correct. My opinion is, that in every case, where the person inhabited, cultivated, or possessed a lot prior to the 20th Dec., 1803, the act of 1812, passes the fee simple from the U.S. into such possessor, without any regard to the fact whether this possession, &c. had continued up to the date of the act. It may be, that in some instances lots so possessed were abandoned by the possessor. In every such case of abandonment the property would be annexed to the public domain. But in every case what facts constitute an abandonment is matter of law, and the facts are to be proved and not to be presumed.

In this case there is no proof of an abandonment as understood by the Spanish law.

The judgment of the court below is reversed, and the cause is remanded for a new trial.

*Opinion of Tompkins Judge dissenting.*

The spirit of the act of Congress of the 13th of June 1812, required, in my opinion, the claimants of town or village lots, &c., to apply to the recorder of land titles for the territory of Missouri, to ascertain as well that they were such persons as under that act were entitled to such lots, as to ascertain the particular lot to which each was entitled.— The object of all the laws, passed by Congress for the adjustment of land titles, was to separate private from public property. For this purpose, the board of commissioners,

established under the act of 1805, had been clothed with ample powers; and by the act of 13th June 1812, the recorder of land titles had succeeded to all the powers and duties of that board: See the case of Newman vs. Lawless decided at this term. To attain the objects which Congress had in view, it was no less necessary that each individual claimant should come in and make proof of his claim to a town or village lot, than it was for an inhabitant to come in and prove his title to a donation on account of habitation, cultivation, &c. The lands were required to be separated into public and private property, for the interest of the Treasury; and the town or village lots, claimed by private persons, were required to be ascertained, in order that it might be known what lots the President might under that act, appropriate to the use of the United States, and next, what would be left to each particular town or village for the use of schools. But because Congress did not declare in express terms that the claimants lots should come in and claim under the penalty of a forfeiture, it is contended that the claimants were remitted to the ordinary tribunals of the country, for the purpose of ascertaining the particular lots to which each individual might, by this bounty of Congress, be entitled. It will here be recollected that he who had a title good and sufficient, from France or Spain, stood in no need of the aid of this act.

No claimant of a tract of land, by right of settlement, could procure a confirmation, unless he made application: for, otherwise, his claim would not be separated from the public lands, and would be liable to be sold. But the town or village lots, being already ascertained by survey, could be, and were, reserved from sale. This constitutes the sole difference betwixt a confirmation of a town or village lot, and a confirmation of a tract of land on account of cultivation, habitation, &c.; and the interest of the United States, and the policy of the law, as much required the Recorder to ascertain the proprietor of each particular town or village lot as the proprietor of each particular tract of land claimed by virtue of cultivation, &c., and his powers and duties alike

MAY TERM
1840

Gurno
vs
A. and N. Ja-
nis adm'rs of
Janis.

extended to each. The act of the 26th of May, 1824, is supplementary to that of 1812. The Recorder was a different man, but he was the same officer, clothed with the same powers; and by the 3d section of the latter act, he was required to issue certificates of confirmation to all such as proved up their claims before him; and his certificates of confirmation are, in my opinion, conclusive evidence of property in the persons to whom they are issued. The judgment of the circuit court ought then in my opinion to be affirmed.