Ruffin, C. J.
 

 The Court is of opinion, that the injunction ought not to have been dissolved, that is, not absolutely. The claim set up for the children of Jones under his settlement may be put out of the way at once. To say nothing of the
 
 prima facie
 
 fraud in it, as being a voluntary settlement upon his family by one, who, as he now says, was then indebted to his Mother’s estate, and so soon became indebted to others, and insolvent; and, as he says, bankrupt; yet the deed is void for want of due proof and registration.
 
 Smith
 
 v.
 
 Castrix,
 
 5 Ired. 519. We collect from the answer of Scott, that it was in reference
 
 to
 
 this claim of the children he regarded himself as trustee for them ; considering that their father had assigned to them, or to Morris for them, his resulting trust, which was for the whole property after the debts were paid. If, then, the settlement by Jones be not effectual, the resulting
 
 *113
 
 trust is still in him, and that amounted to the whole beneficial property, as this defendant supposed, from the rep-' resentations of Jones, and from his formal release, that the debt to the mother was paid as well as all the others. It was consequently wrong- for Scott to set up his legal title, in opposition to the right of the plaintiff, derived by 3)is purchase, under execution against the sole
 
 cestui que trust
 
 of the property; for the plaintiff, by his purchase, stood, in this Court, in the place of Jones in his relation to Scott, and the latter is therefore endeavoring to recover the possession or the value of the negroes, from his own
 
 cestui que trust.
 

 But it is said by the other defendant, that his children have another interest in this property. lie states that the money which his mother lent him, was, under their grand-father’s will, theirs after the grand-mother’s death; that in truth it has never been paid by him; and therefore he insists, that it ought now to be raised for their benefit. There are several answers to this claim. This is new matter, brought forward in the answer, in avoidance of the plaintiff’s equity, and not responsively to the bill, and in denial of the equity. Therefore, the injunction should have been kept up to the hearing. In the next place, the children have not the right to the money at present, but only the capital after the death of their father, who is entitled to the profits during life. But in the last placo, and chiefly, the children have no equity as against these negroes, unless it were to appear, that their father has not satisfied them, and is not able to satisfy them. Ho borrowed the money, and he settled on them six other negroes besides these two; and it is no where stated, that, unless they should receive that sum out of these negroes, they will lose it, inasmuch as they cannot get it in some other way from their father or their grand-mother’s estate.
 
 Prima facie,
 
 the declaration un-' der seal of the defendant, Jones, who-is administrator of his mother, the creditor, that the debt had been paid, dis
 
 *114
 
 charges therefrom the trustee of the trust property. If the children have a right in the money, and an equitable lien on. this debt therefor, let them file their bill, and put the questions, upon which their title depends, directly in issue. They cannot bo brought forward in a •way, which will not enable the Court to investigate the whole case, upon which the merit of the claim depends.
 

 Those supposed rights of the children being thus disposed of, there remains nothing to shew, that the whole equitable ownership of the property was
 
 not in
 
 Bryan Jones, and liable to execution under the act of 1812; unless it be, that his right passed to his assignees in bankruptcy. As to that, the answer states nothing^ but the fact, that, before it was put in, the defendant had been discharged as a bankrupt; but when that was, or Avhether these negroes were included, in the assignment, is not stated. So that no right appears in the assignees, even if it were competent for. this party to set up such a right for the assignees, instead of leaving it to them to do it. It is very clear, that the suit at law was not instituted for the benefit of the general creditors; but only to get the negroes for the debtor’s children.
 

 It was, however, objected at the bar, that all the questions, arising upon the facts stated in the bill, were legal questions, properly triable in the suit at law ; and that the plaintiff could not transfer the jurisdiction to this Court, after a suit properly constituted for the trial of them at law. With respect to this point, it is to be observed, that the bill is framed with two sets of allegations, having a view to relief upon different, and, indeed, opposing grounds. There is not, it must be admitted, a clear discrimination made between them in.the bill, but much confusion in mingling together the facts, upon which the two grounds of relief, taken separately, depend. But we collect, that the bill was framed with the intention of trying here the question, whether the deed was or was not originally covinous, as a security for feigned debts, and
 
 *115
 
 deceptive to creditors; and also the further question, whether the debts secured by the deed — admitting it to be
 
 hsna fide
 
 — had not been paid, so as to vest the whole equitable right, as a resulting trust, in Bryan Jones. As to the first point, we think the objection sound. The bill alleges no defect of proof of any fact, on which the question of fraud depends. If it had, it would onl_y be matter for discovery, to be used on the trial at law, and not for relief. In its nature, the controversy, whether a deed by a debtor is fraudulent, as to his creditors, under the stat- ' ute of Elizabeth, is a legal one: though, in particular eases, it may be made the subject of a suit in equity. But here it was in a course of litigation at law ; and it is plain that it ought not to go on there, and one be carried on here at the same time, upon the very same subject. Then, upon what principle has the defendant at law a right to change the iorum, and say that
 
 he
 
 will have the matter tried by the Judge in the Court of Equity, and not by a Judge and Jury in a Court of Law
 
 1
 
 If, therefore, that were all the bill, the Court would not sustain il.
 

 But, in the second aspect, the case, we think, is properly a subject of equitable jurisdiction. The case, that a trustee in a deed, made to secure creditors nine years before, instituted an action at law against a purchaser, under an execution against the maker of the deed, and the purchaser alleges, that all the debts were paid and the whole trust resulted to the debtor, while the debtor, who also unites in himself the character of creditor, by administering upon the estate of one of the creditors secured in the deed, says, that a certain debt’ is not paid, and the trustee says he does not know whether it is or is not paid. It is true, if all the debts were paid, that, under the Act of
 
 1812,
 
 the sale by the Sheriff transferred to the purchaser both the trust and the estate of the trustee ; and that he might set up that title and defend himself at law. But that does not oust the jurisdiction of the Court of Equity over the trust, which it originally had, accord
 
 *116
 
 ing to a well established principle. Resides, the relief in equity is more effectual, becau.se the investigation is more ■ complete, and the decree will conclude more persons than the judgment at law. Trusts often lie in confidence, and the party may not be able to shew' them at law, whereas, in equity, the parties may be made witnesses against themselves. It is plain, too, that a decree in this Court in a suit against the trustee, the debtor and the creditor, declaring the trusts, and such and such debts to have been paid, and the whole equitable ownership to be in the debtor, and oompelling the creditor to execute a release or acknowledge satisfaction, and the trustee and the debtor to execute conveyances of their several .interests and for perpetual injunctions, will obtain for the purchaser muniments of title, more plain and permanent, than a judgment in his favor, in a suit brought at law by the trustee for a detention or conversion of the slaves. After sucli a judgment at law, the purchaser might, perhaps, still be harassed by suits in Equity brought by some of
 
 the
 
 creditors. But, by raakiug proper parties to his bill, he can, by one suit, settle all controversies touching the equitable claims, as well as the legal title, to the property. Hence, in
 
 Henderson
 
 v. Hoke, 1 Dev. and Bat. Eq. 119, the Court sustained the bill, where the plaintiff claimed under execution sale against a
 
 cestui que trust.
 
 And it is remarkable, that there was an ejectment by Hoke against Henderson, 3 Dev. 12, for the same premises. It is true, that Henderson did not, upon the filing of his bill, pray an injunction against the trial at law; for there was, after the first judgment was reversed in this Court, a second trial at law, and an appeal to this Court, which was pending when the decree was made in tho suit in Equity brought by Henderson. But the bill was entertained, notwithstanding the action at law; and when the decree was made, it followed, of course, that the defendant in Equity •was restrained from further proceeding in the ejectment,
 
 *117
 
 and the appeal therein was never brought on. The case, therefore, is, in our opinion, a proper one for relief in this point of view.
 

 But as the bill is for relief upon the footing, that, as a trust, the subject is one of equitable cognisance, the injunction ought not to have staid the trial at law, hut only the suing out execution, should the plaintiif at law get a judgment. The plaintiif has no right to delay the trial at law, until his cause shall have been heard here, and, perhaps, his bill dismissed, by which time the other party may not be able to prove his case at law, by the death or removal of witnesses, or the loss of documents. All the plaintiif can justhT ask is, that, as he has an undetermined equity, the plaintiff at law shall not proceed to cxc.cn.tiou. If the plaintiff means to rely altogether on -bis relief in equity, then he ought to let judgment go, inasmuch as his defence is on an equitable, and not on a legal title. But, as in this case, he, no doubt, insists that he has a good defence at law, as well as a good ground for his bill in equity, we do not see that he may not resist the recovery at law, if he can, or that the Court should require him to submit to a judgment. While, however, that is so, it would be an injury to the other side to stay the trial. It ought not to have been done before the answers, because the object of this suit was not to get answers to be used in the defence at law; and,-much more, the injunction to stay the trial ought not to be continued after the answers. If the plaintiff chooses to try at law, he ought to be at liberty to do so, as he will run the double risk of paying the ■costs; first, by having the judgment against him, and, secondly, by having a perpetual injunction against the judgment, If in his favor, should there finally be a decree against him here.
 

 Therefore, the decree should he reversed, and the injunction modified so as to stay execution upon the judgment, if the plaintiff at law should obtain one. 'The
 
 *118
 
 Court cannot give costs to either party. The defendants are not entitled to costs, because they took a decree, which has been reversed. And the plaintiff ought not to have them, because his injunction was too extensive at first, and, chiefly, because the bill, instead of presenting simply the case on which the plaintiff’s equity arises, complicates a good and a bad case together. It will be sufficient to let the costs abide the result at the hearing.
 

 Per Curiam.
 

 Ordered to be certified accordingly.