## DUNLAP v. HENRY, *Appellant.*

1. **Ejectment.** Plaintiff in ejectment cannot recover unless the legal title was vested in him at the time of bringing the suit.

2. **Tax Deeds.** Under the Revenue Act of 1865, (Gen. St. 1865, p. 129, § 124,) tax deeds were required to be acknowledged before the county clerk. If acknowledged before a notary public they were void.

*Appeal from Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

The tax deed relied upon by defendant was acknowledged before a notary public.

*T. J. Galloway* and *A. Henry* for appellant.

*Bassett & Lashbrook* for respondent.

NORTON, J.—This is a suit in ejectment to recover the possession of land in Bates county. The petition is in the usual form. The answer, besides containing a general denial, sets up by way of defense, open, notorious, continuous, adverse possession for ten years before suit brought, and also that defendant had purchased the land for taxes, and that his tax deed had been recorded more than three years before the commencement of the suit. Plaintiff obtained judgment on the trial, from which defendant has appealed, and the errors assigned are that the court erred in admitting improper evidence and in giving improper and refusing proper instructions.

Plaintiff, in support of his title, read in evidence the certificate of the register of the land office showing that Joseph M. Beckner entered the land sued for in 1856, and also a patent issued in pursuance of said entry. In further support of his title he offered in evidence the following deeds: Deed from said Beckner and wife, acknowledged

before Michael Bauer, a justice of the peace, in Franklin county, on the 16th day of August, 1857, conveying said land to Samuel Harp. Deed from Samuel Harp and wife, made in Miami county, Indiana, to William Yates, conveying the land in controversy; this deed was dated January 25th, 1859, and was acknowledged before a justice of the peace in Indiana. Deed from William Yates and wife, executed in Miami county, Indiana, on the 29th day of September, 1862, to Henry Webster, describing the land conveyed, according to the record before us, as being situate in Bates, Indiana; the notary public before whom this deed was acknowledged omits to state in his certificate that the grantors were personally known to him. Deed from Samuel Harp and wife, dated the 10th day of June, 1878, to Henry Webster, which purports to correct a certain deed from said Harp to Yates made on the 25th day of January, 1859. This deed is formal, conveys the land sued for, and was properly acknowledged and filed for record July 5th, 1878. Deed from Henry Webster, dated 19th day of January, 1878, proper in form and acknowledgment, conveying the land to plaintiff Dunlap, who instituted this suit on the 22nd day of February, 1878. All the above deeds were admitted in evidence over the objection of defendant, except the last two above mentioned, which were not objected to.

We deem it unimportant for the purpose of this case to consider the objections made to the introduction of the above deeds in evidence, or to determine whether the objections were properly or improperly overruled, inasmuch as the court erred in instructing the jury "that the certificate of entry, patent and deeds read in evidence invested plaintiff with the legal title and the right to recover." Conceding (without deciding the question) that the documentary evidence was properly received, we are of the opinion that it failed to show legal title in plaintiff to the land sued for at the time the suit was commenced.

1. EJECTMENT.

The evidence shows that Beckner derived title from the government, and his deed executed August 16th, 1857, put the title in Harp. Harp's deed executed the 25th day of January, 1859, put the title in Yates. The deed from Yates to Webster, executed the 29th day of September, 1862, was inoperative to convey title to the land in dispute because it conveyed land in Bates, Indiana. If the deed from Harp to Yates put the title in Yates, then it follows that the deed from Harp, made on the 10th day of June, 1878, to Webster, passed nothing to Webster, because Harp having conveyed his interest in the land to Yates by his deed of January 25th, 1859, had nothing to convey. This view of the subject would leave the title to the land in controversy outstanding in Yates and shows that plaintiff was not entitled to recover. *Gurno v. Janis*, 6 Mo. 330; *Norcom v. D'Oench*, 17 Mo. 98. If, on the other hand, the deed of Harp to Yates was ineffectual to pass Harp's title, then the deed of Harp to Webster, made on the 10th day of June, 1878, only invested Webster with title from that time, and as Webster, when he made his deed on the 19th day of January, 1878, to plaintiff, had no title to convey, it follows that when this suit was brought on the 22nd day of February, 1878, plaintiff had no right to recover because at that time he had no title. It has been held by this court that a plaintiff, to recover in ejectment, must show that he had the legal title at the time suit was commenced. *Norfleet v. Russel*, 64 Mo. 176; *Ford v. French*, 72 Mo. 250.

And as it appears from any view that can be taken of the legal effect of the deeds in evidence that plaintiff did not have the legal title when he commenced his suit, the court erred in telling the jury that he could recover on the case made by the certificate, patent and deeds.

The court ruled properly that the tax deeds offered by defendant were not sufficient to convey title to the land 2. TAX DEEDS.    in dispute. The law in force at the time they were made required such deeds to be acknowledged

before the county clerk.   Gen. St. 1865, p. 129, § 124.   The law in this respect was not complied with and the deeds were void.   *Ryan v. Carr*, 46 Mo. 483; *Williams v. McLanahan*, 67 Mo. 499.

Judgment reversed and cause remanded.