## Cook, Administrator v. Bennett, Executor.

(Decided March 17, 1925.)

### Appeal from Spencer Circuit Court.

Wills—Widow's Renunciation of Husband's Will, Acknowledged Before Notary Public, Held Invalid Under Statute.—Under Ky. Stats., section 1404, requiring widow's renunciation of her husband's will to be "acknowledged before and left for record with clerk of the court where probate was made," renunciation acknowledged before notary public held ineffective; statute being mandatory.

EDWARDS, OGDEN & PEAK and GEO. B. SHINDLER for appellant.

L. W. ROSS and BECKHAM, GILBERT & MATHEWS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

The decision of the question presented by this appeal turns upon a construction of the following portion of section 1404, Kentucky Statutes, Carroll's edition of 1922:

"But such relinquishment must be made within twelve months after the probate, and acknowledged before and left for record with the clerk of the court where probate was made, or acknowledged before a subscribing witness and proved before and left with the clerk."

The language quoted is a portion of the section of our statutes relating to a widow's renunciation of the will of her husband, and as will be observed provides the mode by which and the time when that may be done. It appears that one J. A. Bennett died in Spencer county, Kentucky, after having published a last will and

testament. His will was duly probated. His surviving widow, Fannie Bennett, attempted to renounce the provisions of his will and to declare her election to take her dowable and distributable share of his estate. Subsequently she attempted to revoke the renunciation of the will. She afterwards died, and, in this lawsuit brought by her administrator and heirs against the executor of the will of her husband, the sufficiency of both the renunciation of the will and the revocation of the renunciation of the will were put in issue. The chancellor held that the attempted renunciation of the will was ineffectual for that purpose and that the estate of Fannie Bennett was entitled to recover from the executor of the will of J. A. Bennett only such estate as was devised to her by his will.

The attempted renunciation of her husband's will by Fannie Bennett was in writing and was in apt language. It was acknowledged by her before a notary public of Spencer county and was then recorded in the office of the clerk of the Spencer county court. It is insisted for appellant that a writing, the terms of which aptly express the intention of a surviving widow to renounce the provisions of her husband's will and her election to take under the law her dowable and distributable share of his estate, acknowledged before a notary public and recorded in the county court where probate of the will was had, is a compliance with the provisions of the statute quoted above and is effective for the purpose. Appellees insist and the chancellor held that since the statute in question does not authorize the renunciation of a will by a widow to be acknowledged before a notary public, such an acknowledgment is ineffective for the purpose. It was held that the statute on the question is mandatory and that a strict compliance with its terms is necessary to effect a widow's renunciation of the will of her husband. The question does not seem to have been before this court heretofore.

Under the general topic "Acknowledgments," Corpus Juris, vol. 1, page 794, we find the following general principle of law which seems to the court to be applicable to the particular facts of this case:

"Where a statute providing for the acknowledgment of any particular instrument designates the person or officer who may take such acknowledgment, it must be taken before such person or officer

and cannot properly be taken by an officer not among those specified, even though he may have authority to take acknowledgments of other instruments; but where the statute fails to specify any particular person or officer before whom the acknowledgment must be made it may be taken by one who has the general power to take acknowledgments.''

The cases cited as supporting the text above disclose a variety of circumstances akin to those of the case now before us although none of them is exactly similar. For instance, in New York it has been held that a certificate of incorporation can not be acknowledged before a commissioner of deeds who has authority to take acknowledgments of deeds where such officer is not one of those specified as authorized to take acknowledgments in the statute requiring certificates of incorporation to be acknowledged. First Baptist Society v. Rapalee, 16 Wend. (N. Y.) 605. In Ohio, where certificates of incorporation are required to be acknowledged before a justice of the peace, it has been held that the acknowledgment can not be taken by a notary. State v. Lee, 21 Oh. St. 662. In Illinois, by statute, it is provided that a chattel mortgage must be acknowledged before a county judge, justice of the peace or police magistrate of the town or district where the mortgagor resides. It has been held under that statute that an acknowledgment of such an instrument taken by a notary public is void. Long v. Cochran, 128 Ill. 29, 21 N. E. 201. In North Carolina, under a statute requiring a marriage settlement to be acknowledged before a judge of the supreme or superior court or in a court of record, it has been held that an acknowledgment of such an instrument taken by a county court clerk is a nullity. Justice v. Scott, 39 N. C. 108. Under a Minnesota statute, an agreement to submit to arbitration was required to be acknowledged before a justice of the peace, and in Barney v. Flower, 27 Minn. 403, 7 N. W. 823, it was held that an acknowledgment before any other officer was of no effect. In Missouri and Wyoming statutes requiring tax deeds to be acknowledged before a county court clerk are in force. Under those statutes it has been held in each of those states that the acknowledgment of a tax deed before a notary public is ineffective. Dunlap v. Henry, 76 Mo. 106; Matthews v. Blake, 16 Wyo. 116, 92 Pac. 242, 27 L. R. A. (N. S.) 339.

The foregoing are selected at random from a number of cases as supporting the principle announced by Corpus Juris, quoted above, that where a statute provides for the acknowledgment of any particular instrument and designates the person or officer who may take such acknowledgment, it must be taken before such person or officer and can not be properly taken by any officer other than those specified, even though he may have authority to take acknowledgments of other instruments. Upon consideration the reason for the above rule is obvious. A notary public is a creature of the statute. He has no authority beyond that conferred upon him by statute. His authority to take acknowledgments to deeds and all other instruments, acknowledgments of which he is authorized to take, is conferred upon him by statutory enactment. His authority to take depositions flows from a statutory enactment which permits him to do so. In short, he may do only such things as he is empowered by statutory enactment to do. The particular mode provided by statute as to when and how a surviving widow may renounce the provisions of her husband's will provides that either the clerk of the court where probate was made must take the acknowledgment or that a subscribing witness must take the acknowledgment who must then prove it before and leave it with the clerk of the court where probate was made. The statute authorizes no other method or plan whereby the renunciation of her husband's will may be made by a surviving widow. It does not authorize a notary public to take her acknowledgment to such a renunciation. No other statute gives a notary such authority. We, therefore, conclude that an attempted renunciation of a will, when acknowledged before a notary public, in ineffective. It seems to the court that the terms of the statute are mandatory both as to the time when and the method by which a renunciation may be made, and that the attempted renunciation by Fannie Bennett of the provisions of the will of her husband, J. A. Bennett, not having been made in conformity with the provisions of section 1404, Kentucky Statutes, *supra,* governing the question, was ineffectual and void.

Hence, the judgment herein is affirmed.