## Crittenden v. Rogers et al.

May 19, 1939.

482

CHARLES FERGUSON for appellant.

RAYMOND B. DYCUS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

G. W. Rogers died intestate while a citizen and resident of Livingston County, Kentucky, on the 19th day of August, 1935. He was a bachelor and lived with his maiden sister, the appellee and defendant below, Martha Rogers, on a parcel of land in Livingston county in or near the village of Joy in that county (owned jointly by the two) and containing about 7½ acres, upon which there was a cheap residence building which they occupied. He owned, entirely, three other parcels of land, the largest of which was a farm in the county containing about 65 acres. He also owned some notes and accounts against various individuals aggregating three or four thousand dollars, but by far the greater part of which appears to have been insolvent. He was indebted in an amount of about $6500—$4,500 of which was due to his maiden sister with whom he resided.

C. H. Webb qualified as administrator of the decedent's estate and he filed this settlement action in the Livingston circuit court against some creditors of his decedent and the latter's heirs, in which he prayed for judgment directing the sale of his decedent's realty,

which he averred was necessary to pay debts and for a complete settlement of the estate. The case was more or less loosely practiced, but eventually a judgment was rendered directing a sale of the property in separate parcels on a credit of six months with directions for the usual advertisement of similar sales, and the master commissioner of the court was directed to make it, which he later did, it being the character of sale requiring an appraisement as prescribed in Section 2362 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. See Vivion's Adm'r v. Vivion, 50 S. W. 984, 21 Ky. Law Rep. 103. Instead of procuring the appraisement separately of each parcel of land his selected appraisers fixed the aggregate value of *all* the parcels at $1200, which, of course, included the one-half undivided interest in defendant's homestead lot owned jointly by him and his maiden sister. At the sale decedent's interest in that parcel was purchased by the husband of appellant, J. W. Crittenden, for the price of $101. He later assigned and transferred his bid to his wife, the appellant, Rosa L. Crittenden. Without taking into consideration the grossly illegal appraisement referred to, and without the court's attention being called to the right of redemption the sales of all the property were confirmed, followed by deeds from the Master Commissioner to the purchasers, including appellant, Mrs. Crittenden—all of which was done before the expiration of one year for the redemption of the property because of its not having brought at the sale as much as two-thirds of its appraised value.

Before the year for that purpose expired the maiden sister (appellee, Martha Rogers) tendered to Mrs. Crittenden (although a deed had already been made to her) the amount of the bid by her husband for the one-half undivided interest in the home lot, together with 10% interest thereon, as provided in Section 2364 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. It was refused, and she then went before a notary public and made affidavit to the fact of her tender to Mrs. Crittenden, and took it and the amount of the tender to the circuit court clerk before whom and with whom she filed both the amount of the tender in United States currency, as well as the affidavit she had made. Later, but after the year expired, she amended her motion to redeem so as to include the other heirs of the decedent as participants in the benefits to be derived

should it be sustained, and the particular sale be thereby annulled. Objections, and writings (called pleadings) were then filed, making issues determinable from the record, and upon submission the court sustained the right of redemption and required appellant to accept the tender made for that purpose—the amount of which was then in the hands of the clerk of the court—and directed that officer to turn over to Mrs. Crittenden that amount, and that the deed that had erroneously been made to her be cancelled. From that judgment she prosecutes this appeal.

Appellant has made no one appellee except Martha Rogers, since the statement required by Section 739 of the Civil Code of Practice names the appellees as "Miss Martha Rogers, et al.," and we have decided too frequently to require a listing of the cases here that the abbreviations "et al." embrace no persons whomsoever, but that those intended to be embraced thereby must be named in the statement required by the section of the Code to be filed in this court; otherwise only those who are named are properly parties to the appeal.

Counsel for appellant lists seven reasons for a reversal of the judgment, which are: (1) That where more than one parcel is sold it is improper for the owner to offer or be permitted to redeem, unless redemption is sought for all of the parcels; (2) the aggregate amount of the sales of all of the parcels in this case was only $345.00 and that all of them were appraised at $1200, but there was nothing to show that the particular interest—or rather the decedent's one-half interest in the parcel here involved—was appraised at any particular or definite sum and that in such circumstances the right of redemption does not exist; (3) the offer to redeem, evidenced by the filing of the affidavit before the clerk of the court and leaving with him the amount of the previous tender, was made only by one of the heirs and ostensibly for her benefit alone when it should have been made in the name of all the heirs for their joint benefit and that the later effort to amend the motion so as to operate for the benefit of all the other heirs was not made or done within the year and, therefore, rendered the motion invalid ab initio; (4) the affidavit of affiant filed before the clerk was not sworn to by *that* particular officer but by another though possessing the right under the law to administer oaths; (5) "The pleadings by the heir and the motion to re-docket the case and set

aside the deed to the appellant were wholly insufficient and did not authorize the judgment appealed from;" (6) error of the court in sustaining a demurrer to the answer and response made by the appellant (purchaser) to the motion to redeem, and (7) the heirs were all estopped to obtain redemption, since Martha Rogers had collected her percentage as a creditor on her debt against the deceased—or had been allowed it in the judgment—and for that reason not only she, but all the other heirs were so estopped, notwithstanding neither of them received a penny *as heirs* of the decedent, his estate paying only about one-twentieth of his aggregate indebtedness. Cases are cited as supporting each and all of those alleged reasons, but we have examined every one of them and failed to find in any of them any support for the ground for which they are cited—the facts in each of them being vastly different from those in this case, and for which reason we will not attempt to refer to or discuss them seriatim, but will confine our opinion to such of the reasons as might be considered to possess some possible semblance of materiality.

1. The case of Wakenva Coal Company v. Johnson, 234 Ky. 558, 28 S. W. (2d) 737, is cited in support of reason (1), but we have carefully read and re-read that opinion and we find nowhere in it any declaration holding that when separate parcels of land owned by a decedent are sold in proceedings to settle his estate the heirs (or others interested in the property sold) may not redeem any single parcel, or less number of parcels than all of them. If they are willing for some of the parcels to be conveyed to the purchaser for the price bid therefor, there is neither reason nor law to prevent them from doing so, and the same is true if they are dissatisfied with the price of any particular parcel or parcels and seek to retain the title to it, or them, for the benefit of those to whom the title had descended, without being required to redeem each and every separate parcel that was sold. The language of the statute contains no such forbidding language and the purpose to be accomplished in its enactment is not enhanced by any such limitation on the right to redeem, and we are convinced that no such interpretation should for a moment be indulged. Of course, there might possibly be facts which might lend color to such a contention, but if so none such appears in this case, and reason **(1)** is, therefore, disallowed.

2. The very statement of reason (2) shows that the property (of all the parcels together) was appraised at $1200, and that the aggregate price brought at the sale was only $345. At least in the absence of proof to the contrary we would be authorized to conclude that the contested sale bore its proportionate part of the difference between the reported bids and the aggregate appraised value. Following that presumption it is clear that the contested sale did not bring two-thirds of its value (which should have been fixed) if a valid appraisement had been made. But there is proof in the case showing that the home tract containing the $7\frac{1}{2}$ acres—the title to one-half undivided interest in which was sold—was worth at least $1400, making the one-half interest worth $700, when the bid was only $101. It is, therefore, clear that this reason is without merit—to say nothing of the fact that the appraisement as made, being in the aggregate, was wholly unauthorized and the same as no appraisement whatever, in which case the right of redemption would no doubt exist.

3. Reason (3) is equally without merit. The only authority cited in support thereof is the section of the statute supra (2364), which does not contain the slightest intimation that one heir, or part owner of the property may not offer to redeem, and if the right should be sustained the law itself would then distribute its benefits to all the heirs in proportion to their interest. There is nothing in the statute mandatorily requiring joint action in an effort to redeem. But if there were such requirement then we can detect no reason why a defect of parties to the procedure for redemption could not be remedied by amendment after the expiration of the year, and which was done in this case.

4. The same section of the statutes, and the case of Cook v. Bennett, 207 Ky. 837, 270 S. W. 463, are cited in support of reason (4). The statute says, in substance, that if the purchaser is a non-resident of the county wherein the land lies, or refuses to accept the tender made for redemption, the redeemer may "go to the clerk of the court in which the judgment is rendered or the order made and make affidavit of such tender and refusal, or that the purchaser, his agent or attorney, does not reside in either of said counties," and when done the right of redemption is complete and the purchaser must accept the tender and relinquish whatever interest he may have obtained by his purchase. The case of

Cook v. Bennett, supra, relied on in support of that interpretation of counsel had under consideration Section 1404 of the same statute relating to a widow's right to renounce her husband's will, and it prescribes *how* and *when* the renunciation must be made. It is required to be made within twelve months after the final probate of the will, and it shall be in writing "and *acknowledged before* and left for record with the clerk of the court where probate was made, or acknowledged before a subscribing witness, and proved before and left with the clerk." That statute specifically directs *how* the renunciation shall be executed. One method is by acknowledgment *before* a designated clerk, and the other method is that the acknowledgment shall be made before a subscribing witness to the will. In the Cook case the renunciation was not executed in either of the mandatory required methods contained in the statute, and we held that the renunciation therein contended for could not be upheld. But the language of Section 2364 of the statute involved in this case requires no such mandatory interpretation, as will be seen from the inserted excerpt supra therefrom. It must be admitted, however, that the language is somewhat confusing, but in which case it should be interpreted so as to uphold the right of redemption rather than to defeat it, since the right itself is one that the law should and does favor, in that it is given so as to prevent the sacrifice of property at judicial sales, and to enable the owners thereof to prevent them and to preserve the property, if possible, for their use and benefit. There is no mandatory language in Section 2364 which unerringly requires the affidavit of the redeemer to be made by the clerk himself or that the redeemer should be sworn to it by that officer only, any more than there is a mandatory requirement that the redeemer shall in person deposit with the clerk the amount required by the same section. We repeat, therefore, that if the language of that section is sufficiently ambiguous on that question as to make the specific requirements doubtful, that doubt will be resolved in favor of the redeemer and not in favor of the purchaser who is made whole by the repayment to him of the amount of his bid with 10% interest. We, therefore, conclude that this reason is also without merit.

5. No authority is cited in support of reason (5) and the argument of counsel in an effort to sustain it is practically a rehash of the reasons urged in support of the

other grounds, and because of which the reason is also overruled.

6. The answer and response filed to the motion of appellee to redeem set forth the grounds contained in the reasons already .discussed, and it is again argued that the averments in the answer and response, if true, destroyed the right of redemption, upheld by the court, but which we, for the reasons already stated—with those hereafter to be stated in discussing reason (7)—conclude otherwise.

7. The estoppel urged in reason (7) is entirely without foundation. It is attempted to be sustained on the ground that the appellee, Martha Rogers, had received —or was adjudged out of the net proceeds of the real estate—a very small percentage *on her debt* of $4500.00 against her deceased brother, and because she participated in that distribution it is urged that she is now estopped to interfere with the sale by insisting on her right of redemption of any of the land. In discussing this ground counsel appear to have overlooked some of the vital elements of enforceable estoppel. To begin with, in this case Martha Rogers received no distribution whatever of the proceeds of the sale *as heir* of her deceased brother. Her co-heirs by not holding debts against the decedent received nothing whatever. Secondly, the various purchasers in this case, including appellant, obtained no right beyond that given by the statute authorizing such sales, and which is that their eventual obtention of the title—unencumbered by any defeasance right in anyone—is liable to be defeated by the exercise of the right of redemption within the year given for that purpose. In other words, the right so obtained is encumbered by the right of the title holder whose title is sold to redeem the land, as pointed out in the statute, within the time allowed and to thereby defeat the obtention of the unfettered title through the decretal purchase. A bid for land sold at such sales, so conditioned, is always encumbered by such right of defeasance, and a purchaser so conditioned loses nothing that he obtained by his purchase more than what the law itself attached to his bid. Redemption, therefore, would not operate detrimentally to him, since his bid was already encumbered by that right ab initio. The essential element—that acts and conduct in order to constitute an estoppel shall operate detrimentally to the one insisting on, the estoppel—is lacking in this character of case,

even if the small distribution received by Martha Rogers was adjudged to her *as heir* instead of as creditor of the deceased. No authority is cited in support of this ground, and we have, after diligent search, been unable to find any. For the reasons stated, it must also be declared as without merit, and especially so when the estoppel contended for would produce the harsh result of extinguishing the right of redemption under the facts of this case, two of which are, the wide departures of the master commissioner in making the sale, and the gross inadequacy of prices bid thereat.

Wherefore, for the reasons stated, the judgment is affirmed.