Laurine LOCKHARD, Executrix of Estate of Minnie M. Brown, Deceased, Appellant,

v.

Harold Miller BROWN et al., etc., Appellees.

Supreme Court of Kentucky.

April 30, 1976.

L. A. Faurest, Elizabethtown, for appellant.

Hobson L. James, Elizabethtown, Brown, Miller, Alagia & Senn, Louisville, for appellees.

JONES, Justice.

This appeal concerns the validity of a purported renunciation of the will of Denver T. Brown by his widow, Minnie Brown. Denver, a resident of Meade County, Kentucky, died testate on December 14, 1968. His will was probated in the Meade County Court on December 18, 1968. After Denver's death Minnie, who was in ill health, was taken to a nursing home in Hardin County, Kentucky. There an attorney advised Minnie of her rights under Denver's will. Minnie was subsequently moved to Louisville. On February 26, 1969, she signed and acknowledged the renunciation before a notary public. The renunciation was filed in the Meade County Court Clerk's office on March 7, 1969. Minnie died testate on April 5, 1969. On August 19, 1969, the notary who had witnessed the execution of the renunciation appeared before the Meade County Court Clerk and proved that the instrument was duly acknowledged by Minnie, and that she was a subscribing witness to the renunciation at Minnie's request. The purported renunciation and the acknowledgments thereto are as follows:

"This renunciation of the will of Denver T. Brown made and entered into by MINNIE M. BROWN, his wife, this February 26th, 1969:

"WHEREAS Denver T. Brown died testate a resident of Meade County, Kentucky and his will has been probated by order of the Meade County Court and whereas the said MINNIE M. BROWN, widow of Denver T. Brown, desires to release and surrender what is given to her by the said will and to receive her share of the estate of Denver T. Brown as if no will had been made.

"Now the said MINNIE M. BROWN elects to surrender and relinquish what is given to her under the said will and in lieu thereof elects to receive her share of the said estate as provided by Kentucky statutes.

/S/ Minnie M. Brown
Minnie M. Brown"

"STATE OF KENTUCKY
JEFFERSON COUNTY

"I, Suzanne C. Schank, Notary Public, in and for the State and County Aforesaid, do hereby certify that on this day the foregoing RENUNCIATION was produced before me in said County and State and duly acknowledged by MINNIE M. BROWN, to be her act and deed.

"WITNESS my hand and seal of office, this 26th day of February, 1969.

/S/ Suzanne C. Schank
Notary Public, Jefferson Co., Ky.
My commission expires: 2–5–73"

"STATE OF KENTUCKY
COUNTY OF MEADE

"I, William P. Lusk, Clerk of the County Court in and for the County and State aforesaid, do hereby certify that the above and foregoing instrument was

lodged for record on the 7th day of March, 1969. Whereupon I have truly recorded the same together with this and preceding certificate in my office.

"Given under my hand this the 12th day of March, 1969.

William P. Lusk, Clerk

BY: /S/ Ann Burnett D.C."

"STATE OF KENTUCKY
COUNTY OF MEADE

"I, William P. Lusk, Clerk of the County Court in and for the County and State aforesaid, do hereby certify that the foregoing is a true and correct copy of the renunciation of the will of Denver T. Brown made by Minnie M. Brown, his widow. Said renunciation is of record in my aforesaid office in Will Book E. at page 324.

"Given under my hand this the 21st day of April, 1969.

William P. Lusk, Clerk

BY: /S/ Mary Helen Edelen D.C.

"Admitted to Record
'69 MAR 7 AM 9:25

"Exhibit 'B' "

"STATE OF KENTUCKY
COUNTY OF MEADE

"I, WILLIAM P. LUSK, Clerk of the Meade County Court, do certify on this day came before me in my county SUZANNE C. SCHANK Dugan, formerly SUZANNE C. SCHANK, known to me to be the same person whose name is subscribed as witness to the renunciation of the will of DENVER T. BROWN, dated September 26, 1969, and being duly sworn by me, she did declare on her oath that MINNIE M. BROWN did execute and acknowledge before her the foregoing renunciation of the will of DENVER T. BROWN to be her act and deed and that she knows her to be the same person named in the said renunciation and that by her request she did subscribe said renunciation as witness to the execution and the acknowledgement thereof.

"WHEREFORE, said renunciation is admitted to record in my office.

"Given under my hand this August 19, 1969.

"/S/ William P. Lusk
Clerk, Meade County Court

"A Copy Attest
/S/ William P. Lusk
Clerk, Meade Co. Court

"Exhibit 'C' "

This action by the appellees sought to restrain the co-executors of Denver's will from distributing any assets to appellant, executrix of Minnie's estate. Appellant contends that Minnie executed a valid renunciation before a subscribing witness as required by the provisions of KRS 392.-080(1). The trial court sustained appellees' motion for summary judgment. He found that the purported renunciation was invalid as it had been executed neither before the clerk of the county where Denver's will was probated, nor acknowledged or proven by a witness to Denver's will. This court disagrees with the trial court's interpretation of the alternative requirement. It is not necessary that the renunciation be acknowledged and proven by a witness to Denver's will.

That portion of KRS 392.080(1) concerning the acknowledgment and the recording of the renunciation provides:

"Such relinquishment shall be made within twelve (12) months after the probate, and acknowledged before and left for record with the clerk of the court where probate was made, or *acknowledged before a subscribing witness* and proved before and left with the clerk." (Emphasis added)

■ The instrument by which Minnie renounced Denver's will was witnessed by one who subscribed her name to the instrument. The fact that the witness was a notary is irrelevant. The renunciation was filed with the Meade County Court Clerk and proved by the subscribing witness to the renunciation. This court is of the opinion that the words "subscribing witness," as used in KRS 392.080(1) describes any person who witnesses the acknowledgment of the re-

nunciation and subscribes their name thereto.

■ The dicta in *Crittenden v. Rogers,* 278 Ky. 481, 128 S.W.2d 942 (1939) that renunciation of a will "shall be made before a subscribing witness to the will" was not valid then, nor is it valid now. To the extent that they conflict with the views expressed in this opinion, the following cases are overruled: *Miller v. Keown,* 176 Ky. 117, 195 S.W. 430 (1917); *Cook v. Bennett,* 207 Ky. 837, 270 S.W. 463 (1925); and *Crittenden v. Rogers,* 278 Ky. 481, 128 S.W.2d 942 (1939).

The judgment is reversed with directions that the trial court enter judgment that Minnie's renunciation of Denver's will is valid.

All concur.