Garrett GROSS and Ronnie Bingham, Appellants,

v.

David LOGAN; Constance Logan; William F. Norman; and Hazel Norman, Appellees.

No. 2005–CA–001934–MR.

Court of Appeals of Kentucky.

June 30, 2006.

Russell D. Alred, Harlan, KY, for appellants.

Susan Turner Landis, Harlan, KY, for appellees.

Before COMBS, Chief Judge; MINTON, Judge; and HUDDLESTON, Senior Judge.[1]

**1.** Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the

## OPINION

MINTON, Judge.

Garrett Gross and Ronnie Bingham appeal the summary judgment granted in favor of David Logan, Constance Logan, William F. Norman, and Hazel Norman in a quiet title action. Because we believe that a genuine issue of material fact exists as to whether the Logans and the Normans properly exercised the right to redeem the property in question, we vacate and remand.

At a master commissioner's sale on February 11, 2002, Gross and Bingham became the successful bidders on a tract of land located in the Wallins Creek community of Harlan County, Kentucky. The land was sold under a judgment of foreclosure issued by the circuit court in a tax lien foreclosure instituted by the county attorney on behalf of the state and county against William F. and Hazel Norman, who owned the land. The land sold for $100.00. And since the sale price represented less than two-thirds of the appraised value of the Norman's land, the master commissioner's deed, dated March 1, 2002, passed less than full ownership to Gross and Bingham. Specifically, the master commissioner's deed contained language retaining a lien in favor of the Normans preserving their right to redeem the property within a year from the date of the sale. The former owner's statutory right of redemption appears in KRS 426.530. That statute provides:

(1) If real property sold in pursuance of a judgment or order of a court, other than an execution, does not bring two-thirds (2/3) of its appraised value, the defendant and his representatives may redeem it within a year

Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

from the day of sale, by paying the original purchase money and ten percent (10%) per annum interest thereon.

(2) The defendant shall pay the redemption money to the clerk of the court in which the judgment was rendered or the order of sale was made. Upon payment by the defendant, the master commissioner shall convey the real property to the defendant.

(3) When the right of redemption exists, the purchaser shall receive an immediate writ of possession and a deed containing a lien in favor of the defendant, reflecting the defendant's right to redeem during the statutory period.

The master commissioner's deed accurately tracked the statutory language by stating that the Normans could redeem the property "by paying to the Clerk of the Harlan Circuit Court the amount of the original purchase money as set forth [in the deed], plus ten percent (10%) per annum interest thereupon from date of the sale until paid." The master commissioner's deed was not recorded with the county clerk until December 30, 2002.

Before the one-year redemption period expired, the Normans deeded the same land to the Logans for a stated consideration of $4,000.00. This deed, which was dated September 28, 2002, does not mention the earlier master commissioner's deed, nor does it mention the Normans' redemption right. According to the Logans, when they took the deed to record with the county clerk on December 27, 2002, they asked about back taxes owed on the property. Someone in the county clerk's office alerted the Logans to delinquent tax bills affecting the property and

sent the Logans to talk to the county tax commissioner. The tax commissioner sent the Logans back to the county clerk, who then sent them to the Harlan County Attorney.

Assistant Harlan County Attorney Anthony Saragas, who was counsel of record for the state and county in the tax lien foreclosure action against the Normans, met with the Logans on December 27, 2002. Following that meeting, Saragas prepared a written agreement, which provided that the Logans would pay "back taxes due and owing" on this property as follows: $300.00 to the Harlan County Attorney by January 3, 2003, and $200.00 per month thereafter until the outstanding taxes were paid. The Logans paid $300.00 to the Harlan County Attorney on January 6, 2003, and an additional $100.00 on March 28, 2003.

In May 2003, Gross and Bingham filed a quiet title action against the Normans and the Logans. The Logans and the Normans counterclaimed, alleging that Gross and Bingham are not the true owners of the property because the Logans and the Normans paid a portion of the outstanding back taxes to the Harlan County Attorney's office under the agreement prepared by Attorney Saragas.[2] Both sides filed motions for summary judgment, and the trial court granted summary judgment to the Normans and the Logans finding that the Logans had properly exercised their right of redemption when the Logans made two payments toward the delinquent taxes to the Harlan County Attorney's office. Gross and Bingham appealed the summary judgment.

In assessing the propriety of the grant of summary judgment, we are mindful that

**2.** It is unclear from the counterclaim whether the Normans, the Logans, or all of them, claim to be the owners.

summary judgment was appropriate only if the Normans and the Logans showed that Gross and Bingham "could not prevail under any circumstances."[3] In ruling on a motion for summary judgment, we must view the evidence in the light most favorable to the party opposing the motion—in this instance, Gross and Bingham.[4] When we review a trial court's decision to grant summary judgment, we must determine whether the trial court correctly found that there were no genuine issues of material fact.[5] And although the circuit court's summary judgment order inappropriately makes "[f]indings of [f]act" in its order, there are no material facts at issue on appeal so the trial court's decision is entitled to no deference.[6]

In order to exercise the right of redemption under KRS 426.530, one must: (1) pay the original purchase price, plus interest; (2) to the clerk of the court that ordered the sale; (3) within one year from the date of the sale. So in the case at hand, the Normans or the Logans were required to pay $100.00, plus approximately $10.00 in interest, to the Harlan Circuit Clerk by March 1, 2003, to redeem the property. We will examine each element separately to see if the record supports the trial court's conclusion that the Logans properly exercised the statutory right of redemption. We recognize that the law favors the former owners' redemption right and resolves any ambiguities in the law so as to uphold redemption.[7]

Before we address whether the Logans or the Normans satisfied the statutory requirements, however, we note that it is immaterial that the Logans, not the Normans, allegedly redeemed the property. Under our settled jurisprudence, the right of redemption can be transferred.[8] So although the deed from the Normans to the Logans omits reference to the transfer of the right of redemption, it is clear that the deed intended to transfer to the Logans all of the Normans' right, title, and interest to the tract of land in Wallins Creek. Because the statutory right of redemption was the only equity the Normans had left in the property after the foreclosure judgment and the master commissioner's sale, then the deed must necessarily have transferred that right. We are satisfied that the deed was sufficient to allow the Logans to stand in the shoes of the Normans for the purpose of exercising the right of redemption.

We first analyze whether the Logans made adequate payment to redeem the property: the sale price, plus ten percent per annum interest. It is undisputed that they gave the Harlan County Attorney's office more than the approximately $110.00 required to fund the redemption. But their payment was ostensibly for back taxes on the property, not to repay the purchaser at the judicial sale the amount of the purchase price with interest. KRS 426.530 does not mention the payment of delinquent taxes. So the right of redemption is not exercised by paying back taxes, nor is payment of back taxes a condition of

**3.** *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991) (citing *Paintsville Hosp. Co. v. Rose,* 683 S.W.2d 255 (Ky.1985)).

**4.** *Id.*

**5.** *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996).

**6.** *Id.*

**7.** *Crittenden v. Rogers,* 278 Ky. 481, 128 S.W.2d 942, 945 (1939) *overruled on other grounds by Lockhard v. Brown,* 536 S.W.2d 318 (Ky.1976).

**8.** *Town Branch Storage, Inc. v. Commonwealth,* 995 S.W.2d 398 (Ky.App.1999).

exercising the right of redemption. This means that the trial court erred when it ruled that the payment of taxes was a proper way to exercise the right of redemption. But, as will be discussed more fully below, it is still possible that the Logans could have satisfied the payment requirement, depending on what the Harlan County Attorney did with the money he received from the Normans.

The second element requires one exercising the right of redemption to pay the clerk of the court that ordered the sale. In the case at hand, the Harlan Circuit Court ordered the sale. So the redemption payment should have been made to the Harlan Circuit Clerk, not the Harlan County Clerk as the Logans and the Normans mistakenly argue in their brief. And there is no indication that anyone paid the Harlan Circuit Clerk any money to redeem the property. But, as will be discussed below, it is possible that the Harlan County Attorney did timely deposit sufficient funds with the Harlan Circuit Clerk.

KRS 426.530 explicitly requires that the right of redemption is conditioned on the payment of the proper funds to the circuit clerk. The master commissioner's deed, although still unrecorded when the Logans recorded theirs on December 27, 2002, also expressly so provides. No one should have labored under a misapprehension about where the redemption funds should have been paid.

Finally, KRS 426.530 requires the funds to be paid within one year of the sale. The circuit court approved the sale on March 1, 2002, meaning that the redemption period expired on or about March 1, 2003. Since that date has long since passed, the redemption has either already occurred or the right of redemption has been finally and completely lost.

■ Despite the Logans' seeming noncompliance with the statutory require-

ments for redemption, a possibility exists that they did, in fact, substantially comply with the statutory redemption process. Whether the Logans exercised their right of redemption is entirely dependent upon what the Harlan County Attorney did with the funds received by the Logans and when he did it. Unfortunately, the record is silent on this crucial issue. So we must vacate the trial court's grant of summary judgment. Additional proof is needed to determine what Saragas did with the money he received from the Logans. If, for example, the proof shows that Saragas timely turned over to the Harlan Circuit Clerk the money tendered by the Logans for the purpose of furthering the Logans' attempt to exercise their right of redemption, then the Logans have exercised their right of redemption. If, on the other hand, the evidence on remand shows that the Harlan County Attorney did not timely remit the funds to the Harlan Circuit Clerk's office to further the right of redemption, then the Logans have failed to meet the statutory requirements for redemption. In short, a genuine issue of material fact exists as to whether the Harlan County Attorney took timely, appropriate action in furtherance of the Logans' attempted exercise of their right of redemption. Thus, the trial court erred when it granted summary judgment to the Logans and the Normans.

For the foregoing reasons, the order of the Harlan Circuit Court granting summary judgment to the Normans and the Logans is vacated and remanded for further proceedings consistent with this opinion.

ALL CONCUR.